FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

NOV - 9 2026

ERIK PALTROW
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GHOLAMREZA ESLAMIFAR and MOHADESESADAT DEHNAVI,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, in official capacity; and DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, in official capacity,<br><br>Defendants. | Civ. No. 26-CV-3775<br>(____/____) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 555(b) AND 706(1), AND, IN THE ALTERNATIVE, FOR A WRIT OF MANDAMUS UNDER 28 U.S.C. § 1361**

*Plaintiffs proceeding pro se*

Plaintiffs Gholamreza Eslamifar and Mohadesesadat Dehnavi, appearing pro se, allege as follows:

## I. PRELIMINARY STATEMENT

1. This is an action to compel agency action unlawfully withheld or unreasonably delayed. Plaintiffs Gholamreza Eslamifar and Mohadesesadat Dehnavi, husband and wife, are each the applicant on a Form I-485, Application to Register Permanent Residence or Adjust Status. Both forms were properly filed with, and accepted by, Defendant U.S. Citizenship and Immigration Services ("USCIS") on October 2, 2025. Both forms were properly filed with, and

accepted by, Defendant U.S. Citizenship and Immigration Services ("USCIS") on October 2, 2025. As of November 9, 2026, the applications had been pending for 403 days without adjudication.

2. Plaintiffs do not ask the Court to grant their applications, to substitute its judgment for the agency's on any discretionary question, or to direct any particular outcome. They seek only an order requiring Defendants to perform a discrete, legally required act: to adjudicate the two applications, one way or the other, within a reasonable time set by the Court. See 5 U.S.C. §§ 555(b), 706(1); Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004).

3. The delay at issue is not the ordinary consequence of case processing. On information and belief, Plaintiffs' applications were subject to a categorical, nationality-based adjudication hold imposed by USCIS policy memoranda, which federal courts have since declared unlawful, vacated, and enjoined. Months after that relief, Plaintiffs' applications remain undecided. No interview has been scheduled. USCIS has given no explanation beyond a generic reference to pending background and security checks and an acknowledgment that it cannot predict when the matter will be resolved.

4. The delay is causing Plaintiffs concrete and continuing harm. Each Plaintiff's widowed mother lives in Iran with documented, chronic medical conditions. Plaintiffs have pursued every available administrative avenue: USCIS Contact Center inquiries, written humanitarian expedite requests, and repeated congressional inquiries through the office of United States Senator Martin Heinrich. Those efforts have produced form responses, unexplained denials, or no response at all.

5. Only the two adult applicants are Plaintiffs. Their minor daughter, Z.E., has a related pending application but is not a party. Plaintiffs refer to her circumstances, and to those of their younger U.S.-citizen daughter, only to describe the effect of the delay on Plaintiffs and their household. Plaintiffs seek no relief on behalf of either child. Plaintiffs' related Forms I-765 and I-131, the filing fees they paid, and their expedite efforts are pleaded as background only. This action seeks no adjudication of, and no other relief concerning, those ancillary applications.

## II. PARTIES

6. Plaintiff Gholamreza Eslamifar is a native and citizen of Iran who resides and is domiciled at Las Cruces, Doña Ana County, New Mexico. He is the beneficiary of an approved Form I-140, Immigrant Petition for Alien Worker, receipt number IOE0922937526. The petition was filed in the employment-based second-preference category with a national interest waiver under 8 U.S.C. § 1153(b)(2)(B). USCIS approved it on August 23, 2024, with a priority date of October 30, 2023. Exhibit B. He is the principal applicant for adjustment of status under Form I-485, receipt number IOE0934042700. He appears pro se and represents only himself. See 28 U.S.C. § 1654.

7. Plaintiff Mohadesesadat Dehnavi is a native and citizen of Iran who resides and is domiciled at Las Cruces, Doña Ana County, New Mexico. She is Plaintiff Eslamifar's spouse and seeks adjustment of status as his accompanying derivative beneficiary under 8 U.S.C. § 1153(d), Form I-485, receipt number IOE0934042697. She appears pro se and represents only herself.

8. Defendant U.S. Citizenship and Immigration Services is a component of the U.S. Department of Homeland Security ("DHS"). It is responsible for adjudicating applications for

adjustment of status filed under 8 U.S.C. § 1255, including Plaintiffs' applications. USCIS is an "agency" within the meaning of 5 U.S.C. §§ 551(1) and 701(b)(1).

9. Defendant Secretary of the U.S. Department of Homeland Security is sued solely in an official capacity. The Secretary is charged with the administration and enforcement of the immigration laws and with supervising DHS, including USCIS. See 8 U.S.C. § 1103(a).

10. Defendant Director of USCIS is sued solely in an official capacity. The Director is responsible for directing USCIS, establishing its policies and priorities, and overseeing the adjudication of the benefit requests at issue.

11. The official-capacity Defendants are designated by title under Federal Rule of Civil Procedure 17(d). Under Federal Rule of Civil Procedure 25(d), references to these officials include their successors in office.

## III. JURISDICTION

12. This action arises under the laws of the United States. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, and 706(1), supplies Plaintiffs' cause of action; it is not alleged to be an independent grant of jurisdiction. Plaintiffs invoke 28 U.S.C. § 1361, which confers original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," solely as an alternative basis for relief against the official Defendants.

13. Plaintiffs seek relief other than money damages. The United States has waived sovereign immunity for this action under 5 U.S.C. § 702, subject to the statutory limits on judicial review. Plaintiffs request declaratory relief under the Declaratory Judgment Act, 28

U.S.C. §§ 2201–2202, only as a remedy within the Court's otherwise-existing jurisdiction. They do not invoke that Act as an independent jurisdictional basis.

14. Plaintiffs challenge the failure to act, not the substance of any action. Federal courts lack jurisdiction to review any "judgment regarding the granting of relief under section . . . 1255." 8 U.S.C. § 1252(a)(2)(B)(i); see Patel v. Garland, 596 U.S. 328 (2022). No such judgment has been rendered here. Plaintiffs contend that the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B) bar review of discretionary decisions and actions, but do not bar review of the agency's failure to discharge its nondiscretionary duty to adjudicate a properly filed application within a reasonable time. See 5 U.S.C. § 555(b).

15. Section 1252(a)(2)(B)(ii) applies when the relevant immigration statute specifies that the challenged decision or action is discretionary. See Kucana v. Holder, 558 U.S. 233, 246–47 (2010). Applying that principle in the refugee-termination context, the Tenth Circuit held that the provision did not bar review of a distinct, nondiscretionary threshold determination. Cf. Mukantagara v. Mullin, No. 24-4071, slip op. (10th Cir. Oct. 5, 2026). Plaintiffs contend that USCIS's discretion under 8 U.S.C. § 1255(a) to grant or deny adjustment does not extend to leaving their two pending Forms I-485 undecided beyond a reasonable time. Plaintiffs seek an order requiring USCIS to decide those applications within a reasonable time under 5 U.S.C. §§ 555(b) and 706(1), with the outcome of each application left to USCIS. Count I addresses contrary authority on the reviewability of adjustment delays.

16. Plaintiffs have Article III standing. Each Plaintiff suffers a concrete, particularized, and continuing injury from the failure to adjudicate his or her own application.

That injury is fairly traceable to Defendants' inaction and would be redressed by an order compelling adjudication, whatever the outcome.

17. No statute or regulation requires Plaintiffs to exhaust further administrative remedies before seeking judicial review of agency inaction under the APA. See Darby v. Cisneros, 509 U.S. 137, 146–47 (1993). In any event, Plaintiffs have pursued every informal avenue reasonably available to them, as described below. None provides an adequate remedy for the continuing delay. Plaintiffs do not seek to appeal any discretionary expedite determination.

## IV. VENUE

18. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(e)(1)(C). Each Defendant is an agency of the United States or an officer of the United States sued in an official capacity, Plaintiffs reside in this District, and no real property is involved. The administrative assignment of Plaintiffs' applications to the USCIS El Paso Field Office does not affect Plaintiffs' New Mexico domicile or venue in this District.

## V. STATUTORY AND REGULATORY FRAMEWORK

19. Under 8 U.S.C. § 1255(a), a noncitizen who was inspected and admitted or paroled into the United States may adjust to lawful permanent resident status if he or she applies for adjustment, is eligible to receive an immigrant visa and is admissible, and an immigrant visa is immediately available when the application is filed. A spouse accompanying a principal employment-based immigrant is entitled to the same preference status and priority date. 8 U.S.C. § 1153(d).

20. By regulation, each applicant for adjustment "shall be notified of the decision of the director." 8 C.F.R. § 245.2(a)(5)(i). Approval or denial is a matter of agency discretion, but

whether the agency decides at all is not. The APA directs that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Congress has also declared its sense that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

21. USCIS regulations allow the agency to withhold adjudication in limited, specified circumstances, such as an ongoing investigation, and only subject to periodic supervisory review. See 8 C.F.R. § 103.2(b)(18). Plaintiffs have received no notice that adjudication of their applications has been withheld under that provision.

22. The APA directs that a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A claim under § 706(1) may proceed where the plaintiff asserts that an agency failed to take a discrete action it is required to take. Norton, 542 U.S. at 64. In the Tenth Circuit, whether a delay is unreasonable is assessed under the factors described in Qwest Communications International Inc. v. FCC, 398 F.3d 1222, 1238–39 (10th Cir. 2005), which draws on Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984). Under those factors, the court considers whether the time the agency takes is governed by a rule of reason, and whether Congress has provided a timetable or other indication of the speed it expects. It considers whether human health and welfare, rather than economic regulation alone, are at stake, and what effect expediting the delayed action would have on agency activities of a higher or competing priority. It also considers the nature and extent of the interests prejudiced by the delay. Finally, the court need not find any impropriety to hold that agency action is unreasonably delayed.

23. Mandamus is available to compel a federal officer to perform a duty owed to the plaintiff where the plaintiff has a clear right to relief, the defendant has a plainly defined, nondiscretionary duty to act, and no other adequate remedy is available. Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005). Where the APA provides an adequate remedy, separate mandamus relief is unavailable. Mt. Emmons Mining Co. v. Babbitt, 117 F.3d 1167, 1170 (10th Cir. 1997).

## VI. FACTUAL ALLEGATIONS

### *A. Plaintiffs' Immigration History and Eligibility to File*

24. Plaintiff Eslamifar holds J-1 exchange-visitor status, and Plaintiff Dehnavi holds J-2 dependent status. Their current Forms DS-2019, issued through their program sponsor, New Mexico State University, show an exchange-program end date of July 17, 2027. Plaintiff Eslamifar is authorized to work within the terms of his J-1 program. Exhibit A.

25. On November 2, 2022, the U.S. Department of State issued an advisory opinion. It determined that Plaintiff Eslamifar was not subject to the two-year home-country physical presence requirement of INA § 212(e), 8 U.S.C. § 1182(e), for the exchange program it reviewed, and stated that no waiver was necessary. Exhibit A.

26. Plaintiff Eslamifar's approved EB-2 NIW petition carries a priority date of October 30, 2023. Both Plaintiffs are chargeable to Iran, which falls within the worldwide ("All Chargeability Areas Except Those Listed") column of the Department of State Visa Bulletin. The EB-2 worldwide final-action date was "Current" in the Visa Bulletins for April through September 2026. It was January 1, 2025 in the October 2026 Visa Bulletin and is April 1, 2025 in the November 2026 Visa Bulletin, which is in effect when this Complaint is filed. Plaintiffs' October 30, 2023 priority date is earlier than each of those cutoffs and is therefore current for

final action. Plaintiffs do not allege that a visa number has been allocated to either application. See Exhibit B (priority date); U.S. Department of State, Visa Bulletins for April 2026 through November 2026.

27. In September 2025, USCIS required employment-based adjustment applicants to use the Visa Bulletin's Final Action Dates chart. The applicable EB-2 cutoff was September 1, 2023. Because Plaintiffs' priority date was later than that cutoff, they could not file that month. In October 2025, USCIS authorized use of the Dates for Filing chart, whose applicable EB-2 cutoff was July 15, 2024. Plaintiffs' priority date fell before that cutoff. See U.S. Department of State, Visa Bulletins for September 2025 and October 2025; USCIS, Adjustment of Status Filing Charts from the Visa Bulletin (September 2025 and October 2025).

***B. Filing and Processing of the Applications***

28. Plaintiffs acted diligently once the October 2025 filing window opened. On October 2, 2025, Plaintiff Eslamifar filed his Form I-485, receipt number IOE0934042700, and Plaintiff Dehnavi filed her Form I-485, receipt number IOE0934042697. USCIS issued receipt notices for both applications on October 6, 2025. Exhibit C.

29. With their adjustment applications, each Plaintiff concurrently filed a Form I-765, Application for Employment Authorization, under eligibility category (c)(9), and a Form I-131, Application for Travel Document, seeking advance parole. Plaintiff Eslamifar's Form I-765 bears receipt number IOE0934042701, and his Form I-131 bears receipt number IOE0934042702. Plaintiff Dehnavi's Form I-765 bears receipt number IOE0934042698, and her Form I-131 bears receipt number IOE0934042699. USCIS receipted every filing as received on

October 2, 2025. As shown on the receipt notices, each Plaintiff paid $1,440 for the Form I-485, $260 for the Form I-765, and $630 for the Form I-131. Exhibits C and J.

30. Plaintiffs understood that adjudication would take time, including time for lawful screening. They sought interim employment authorization and travel documents for that period. As of the date of this Complaint, neither Plaintiff has received an employment authorization document or an advance parole document. Plaintiffs do not allege that the fees they paid bought expedited treatment or fixed any deadline. They allege these facts to show the practical consequences of the continuing delay.

31. USCIS issued biometrics appointment notices to both Plaintiffs dated October 10, 2025. Both Plaintiffs appeared and gave biometrics at the designated Application Support Center on October 30, 2025. Under a notice dated August 4, 2026 that displayed Code 5, Plaintiff Eslamifar appeared for an additional biometrics appointment connected with his employment authorization application on August 18, 2026. Exhibit D.

32. In USCIS online chat communications, USCIS representatives informed Plaintiffs that their adjustment applications are pending with the USCIS El Paso Field Office. On September 9, 2026, a representative stated that Plaintiff Eslamifar's Form I-485 (IOE0934042700) was pending with that office, that the interview had not been waived, and that USCIS would mail an interview notice if one were required. In a November 6, 2026 chat initiated by Plaintiff Eslamifar, a representative confirmed a transfer date to the El Paso Field Office of November 10, 2025. Exhibit E. Plaintiffs rely on the information USCIS provided and do not claim personal knowledge of the agency's internal file-routing records.

33. As of the date of this Complaint, neither Plaintiff has received an interview notice, a Request for Evidence, a Notice of Intent to Deny, or any notice that adjudication is being withheld under 8 C.F.R. § 103.2(b)(18). The online case status for each Plaintiff's Form I-485 has read "USCIS Is Currently Processing The Case" since October 30, 2025, with no later update. Exhibit C. Neither application has been decided.

***C. The Nationality-Based Adjudication Hold and Its Invalidation***

34. On December 2, 2025, USCIS issued Policy Memorandum PM-602-0192. It directed an adjudication hold on pending benefit requests filed by nationals of the countries listed in Presidential Proclamation 10949, including Iran. On January 1, 2026, USCIS issued Policy Memorandum PM-602-0194, which continued and expanded that hold. On information and belief, Plaintiffs' adjustment applications, as applications filed by Iranian nationals, were subject to those holds.

35. On June 5, 2026, the United States District Court for the District of Rhode Island declared those memoranda unlawful under the APA, vacated them, and set them aside. Dorcas International Institute of Rhode Island v. U.S. Citizenship and Immigration Services, No. 1:26-cv-00132-JJM-PAS (D.R.I. June 5, 2026).

36. On August 24, 2026, the United States District Court for the Northern District of California certified a nationwide class and preliminarily enjoined the same memoranda. Red Eagle Law, L.C. v. Edlow, No. 3:26-cv-04850-CRB (N.D. Cal. Aug. 24, 2026). USCIS has publicly stated that it will comply with those orders pending possible further judicial review. On August 14, 2026, the United States Court of Appeals for the First Circuit stayed the Dorcas judgment only as to a separate policy concerning re-review of previously approved benefits and

otherwise denied the government's request for a stay. Dorcas International Institute of Rhode Island v. U.S. Citizenship and Immigration Services, No. 26-1703 (1st Cir. Aug. 14, 2026). As of the date of this Complaint, Plaintiffs are aware of no order reinstating the adjudication hold.

37. Plaintiffs do not ask this Court to review either memorandum or any Presidential Proclamation, and they do not seek to enforce the class order in Red Eagle Law. They plead the holds as part of the history and context of the delay, and their claim of unreasonable delay does not depend on proof that the holds were applied to their applications. More than five months after the vacatur, and more than two months after the class injunction, Plaintiffs' applications remain undecided. No interview has been scheduled. USCIS has given no explanation beyond a reference to pending background and security checks.

***D. Plaintiffs' Efforts to Obtain Administrative Action***

38. On July 7, 2026, the office of United States Senator Martin Heinrich submitted a congressional inquiry on behalf of Plaintiff Eslamifar. USCIS responded in correspondence forwarded to him on August 11, 2026. The response stated that background and security checks sometimes require additional inquiries or consultation with other agencies, that resolution can be delayed, and that USCIS could not predict when it would be completed. It also stated that the case "has not been overlooked" and would be adjudicated once all checks were resolved. Exhibit F.

39. On August 18, 2026, Senator Heinrich's office submitted a congressional inquiry on behalf of Plaintiff Dehnavi. USCIS's response, forwarded to her on September 22, 2026, was substantively identical and gave no estimated completion date. Exhibit G.

40. On August 7, 2026, each Plaintiff submitted a written request, with supporting medical and family documentation, asking USCIS to expedite adjudication of his or her Form I-485 on urgent humanitarian grounds. The same day, the USCIS Contact Center acknowledged both requests under service request numbers 44850027 and 44850067. Apart from the congressional communications described below, Plaintiffs have received no disposition of those requests. Exhibit H.

41. On October 1, 2026, Senator Heinrich's office submitted a further expedite request on behalf of Plaintiff Eslamifar. By letter dated October 26, 2026, the Senator's office forwarded USCIS's response, which stated that the request did not meet the criteria for expedited processing. The response recited the general expedite criteria but gave no individualized explanation addressing the documented medical circumstances. Plaintiffs do not infer from that wording that USCIS failed to review their evidence. Exhibit I.

42. On October 20, 2026, Senator Heinrich's office submitted an expedite request on behalf of Plaintiff Dehnavi. As of the date of this Complaint, she has received no response. Exhibit J.

43. Plaintiff Dehnavi also sought expedited processing of her adjustment-based employment authorization application. USCIS denied a request made on July 17, 2026 in correspondence dated July 20, 2026. A second request, submitted on July 27, 2026 under service request number 44656802, remains unanswered to her knowledge. Exhibit J.

44. Plaintiffs also requested expedited processing of the family's three pending Forms I-131. Plaintiff Dehnavi's request dated July 14, 2026 was found to meet the minimum criteria and was forwarded to the Nebraska Service Center for review, by USCIS message dated July 17,

2026. Z.E.'s request dated July 17, 2026 was likewise found to meet the minimum criteria and was forwarded to the Nebraska Service Center, by USCIS message dated July 21, 2026. Plaintiff Eslamifar submitted his request on July 21, 2026 under service request number 44576496. Plaintiffs have received no written decision on any of the three requests. A USCIS chat representative later told Plaintiff Eslamifar that his request had been rejected, but USCIS has issued no written decision and given no reasons. Neither Plaintiff has received a decision on his or her underlying Form I-131. Exhibit J.

45. These requests document Plaintiffs' diligence in seeking administrative action and explain why their ancillary applications have not relieved the hardships described below. The denial of expedited handling did not decide any underlying benefit request. Plaintiffs seek no judicial reversal of any expedite determination, no fee refund, and no order adjudicating any Form I-765 or Form I-131.

***E. Prejudice Resulting from the Delay***

46. Plaintiff Eslamifar's mother, Azam Jahanbakhshzadeh, is widowed and lives in Iran. Her orthopedic surgeon's statement dated July 18, 2026, with a certified English translation dated July 20, 2026, documents severe osteoarthritis in both knees and states that she is a candidate for bilateral total knee arthroplasty. No surgery date has yet been scheduled. Exhibit K.

47. Plaintiff Dehnavi's mother, Masoumehsadat Bizeh, is also widowed and lives in Iran. A bone densitometry examination dated February 6, 2022 identified osteoporosis. A follow-up examination on May 10, 2026, at age 71, again diagnosed osteoporosis based on the left femoral neck measurement. Exhibit L.

48. Plaintiffs understand from their families that both mothers have increasing difficulty with mobility and daily activities. Plaintiffs wish to help them with daily needs, medical appointments, and, if surgery is scheduled, post-operative recovery. Being separated from their aging parents during this period causes Plaintiffs continuing distress.

49. The unresolved status of Plaintiffs' applications prevents them from giving that support while also protecting their pending cases and their ability to return lawfully to their home in New Mexico. Presidential Proclamation 10998 suspends the entry of Iranian nationals but excepts lawful permanent residents. Plaintiffs plead this only to explain why a decision on their adjustment applications, unlike an advance parole document, bears directly on their ability to visit their mothers and return home. They do not challenge the Proclamation and do not claim that any document would guarantee admission. An order requiring a decision would not itself confer any status, but a decision would allow Plaintiffs to plan travel and a lawful return with certainty.

50. Plaintiffs have two young daughters: Z.E., age seven, an Iranian national with a related pending adjustment application, and a four-year-old U.S.-citizen daughter. Caregiving, travel, and the children's needs are shared household responsibilities that the delay complicates. Plaintiffs plead these facts only as effects on themselves, not to litigate either child's separate rights.

51. Plaintiff Dehnavi is not currently employed. She did not apply for employment authorization based on her J-2 status; her pending Form I-765 depends on her adjustment application. Her Form I-765 remains pending, and she has not received an employment authorization document.

52. As of November 9, 2026, Plaintiffs' adjustment applications had been pending for 403 days, more than twice the 180-day benchmark Congress expressed in 8 U.S.C. § 1571(b). The delay continues and has no foreseeable end.

## VII. CLAIMS FOR RELIEF

### COUNT I
### Agency Action Unreasonably Delayed — Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1)
### (Against All Defendants)

53. Plaintiffs reallege and incorporate by reference paragraphs 1 through 52.

54. Section 555(b) of the APA imposes a mandatory duty on Defendants to proceed to conclude, within a reasonable time, each matter presented to them. Plaintiffs' properly filed and accepted Forms I-485 are such matters. Under 8 C.F.R. § 245.2(a)(5)(i), each applicant "shall be notified of the decision." Adjudicating each application is therefore a discrete agency action that Defendants are required to take. Norton, 542 U.S. at 64. Plaintiffs identify two discrete actions, the adjudication of receipt numbers IOE0934042700 and IOE0934042697, and do not seek programmatic or general supervision of USCIS operations.

55. Defendants' discretion over whether to grant adjustment does not include discretion to withhold a decision indefinitely. See Yu v. Brown, 36 F. Supp. 2d 922, 928–32 (D.N.M. 1999); Kastoun v. Noem, No. 1:25-cv-01636-CDB, ECF No. 16 (E.D. Cal. June 17, 2026) (denying a motion to dismiss an I-485 unreasonable-delay claim for lack of jurisdiction).

56. Plaintiffs acknowledge contrary authority, including Thigulla v. Jaddou, 94 F.4th 770 (8th Cir. 2024), and Dumont v. Mullin, No. 2:25-cv-02736-AWM-JBW, ECF No. 25 (D. Kan. July 30, 2026). Those decisions treated the pace of I-485 adjudication as unreviewable under 8 U.S.C. § 1252(a)(2)(B)(ii). They do not bind this Court. Plaintiffs respectfully submit

that discretion over the outcome of an application does not remove judicial review of the agency's failure to reach any outcome.

57. Under the first and second Qwest factors, no rule of reason governs this delay. USCIS has identified no timetable, sequence, or criteria under which these applications will be decided. Its only explanation is that background checks are pending, with no predicted completion date. On information and belief, for part of the delay the applications were subject to categorical, nationality-based memoranda that federal courts have since declared unlawful, vacated, and enjoined. Congress has expressed its expectation that immigration benefit applications be completed within 180 days, 8 U.S.C. § 1571(b), and the delay here exceeds twice that benchmark.

58. Under the third and fifth factors, the delay affects human health and welfare, not economic regulation. It concerns Plaintiffs' ability to care for two widowed, elderly parents with documented chronic conditions, the security of a family with two young children, and Plaintiff Dehnavi's ability to work. These interests are substantial, and the prejudice to them grows with each month of delay.

59. Under the fourth factor, Plaintiffs do not ask to be placed ahead of similarly situated applicants. They ask only that their applications be removed from an indefinite, unexplained limbo that began with a now-invalidated hold. Plaintiffs' priority date is current, they completed biometrics more than a year ago, and USCIS has stated that the interview has not been waived but has not scheduled one.

60. Under the sixth factor, Plaintiffs need not show bad faith or impropriety. They acknowledge the importance of lawful security screening. But an open-ended delay without

explanation, timetable, or any notice that adjudication has been withheld under 8 C.F.R. § 103.2(b)(18) is unreasonable whatever its motive.

61. Plaintiffs have no other adequate remedy. Their inquiries, expedite requests, and congressional assistance have not produced a decision or a timetable.

62. Plaintiffs are entitled to a declaration that Defendants have unreasonably delayed adjudication of their Forms I-485 in violation of 5 U.S.C. § 555(b), and to an order under 5 U.S.C. § 706(1) compelling Defendants to adjudicate both applications within a reasonable period set by the Court.

**COUNT II**
**Mandamus, 28 U.S.C. § 1361 — Pleaded in the Alternative**
**(Against the Official-Capacity Defendants)**

63. Plaintiffs reallege and incorporate by reference paragraphs 1 through 62. They plead this count in the alternative under Federal Rule of Civil Procedure 8(d)(2)–(3).

64. Plaintiffs have a clear right to adjudication of their properly filed applications. The official Defendants have a plainly defined, nondiscretionary duty to adjudicate them within a reasonable time. 5 U.S.C. § 555(b); 8 C.F.R. § 245.2(a)(5)(i). See Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005).

65. Under Mt. Emmons Mining Co. v. Babbitt, 117 F.3d 1167, 1170 (10th Cir. 1997), an available APA remedy precludes separate mandamus relief. Plaintiffs do not seek duplicative relief. They request mandamus only if the Court finds that APA relief is unavailable and that each prerequisite of mandamus is independently satisfied. Plaintiffs do not contend that 28 U.S.C. § 1361 overrides any statutory bar to jurisdiction the Court finds applicable.

66. To that extent only, Plaintiffs request a writ of mandamus compelling the official Defendants to adjudicate Plaintiff Eslamifar's Form I-485 (IOE0934042700) and Plaintiff Dehnavi's Form I-485 (IOE0934042697) within a reasonable period. They request no particular outcome.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Assume jurisdiction over this action and determine the reviewability of each claim;

B. Declare that Defendants' failure to adjudicate Plaintiffs' Forms I-485, receipt numbers IOE0934042700 and IOE0934042697, constitutes agency action unreasonably delayed in violation of 5 U.S.C. §§ 555(b) and 706(1);

C. Order Defendants to complete all lawful processing and adjudicate both Forms I-485 within sixty (60) days of the Court's order, or within such other reasonable period as the record supports and the Court directs, without directing any particular substantive outcome;

D. In the alternative, issue a writ of mandamus under 28 U.S.C. § 1361 to the same effect, only to the extent its independent requirements are satisfied and no adequate remedy is available under the APA;

E. Retain jurisdiction to ensure compliance with any order entered;

F. Award Plaintiffs their recoverable costs under 28 U.S.C. § 2412(a) and as otherwise permitted by law; and

G. Grant such other and further relief, within the scope of this action concerning the two adult Forms I-485, as the Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

Eslamifar

**Gholamreza Eslamifar**
Plaintiff, pro se
2367 Saturn Circle
Las Cruces, NM 88012-7727
Telephone: (650) 629-6179
Email: eslamifar.reza@gmail.com

MD

**Mohadesesadat Dehnavi**
Plaintiff, pro se
2367 Saturn Circle
Las Cruces, NM 88012-7727
Telephone: (650) 629-6180
Email: msdehnavi4112@gmail.com

**VERIFICATION**
(28 U.S.C. § 1746)

I, Gholamreza Eslamifar, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in this action, that I have read the foregoing Complaint, and that the factual allegations concerning myself and my application are true and correct to the best of my knowledge, information, and belief.

Executed on November 9, 2026, at Las Cruces, New Mexico.

Eslamifar
Gholamreza Eslamifar

I, Mohadesesadat Dehnavi, declare under penalty of perjury under the laws of the United States of America that I am a Plaintiff in this action, that I have read the foregoing Complaint, and that the factual allegations concerning myself and my application are true and correct to the best of my knowledge, information, and belief.

Executed on November 9, 2026, at Las Cruces, New Mexico.

MD
Mohadesesadat Dehnavi

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Department of State advisory opinion dated November 2, 2022; current Forms DS-2019 for both Plaintiffs (program end date July 17, 2027) |
| B | Form I-140 approval notice (IOE0922937526, approved August 23, 2024) |
| C | Form I-485 receipt notices (IOE0934042700, IOE0934042697); online case status for each |
| D | Biometrics appointment notices dated October 10, 2025 (both Plaintiffs) and August 4, 2026 (Eslamifar) |
| E | USCIS online chat records dated September 9, 2026 and November 6, 2026 |
| F | Senator Heinrich correspondence of August 11, 2026 forwarding USCIS response (Eslamifar) |
| G | Senator Heinrich correspondence of September 22, 2026 forwarding USCIS response (Dehnavi) |
| H | I-485 expedite request letters dated August 7, 2026; USCIS Contact Center acknowledgments (44850027, 44850067) |
| I | Senator Heinrich staff confirmation of expedite submission (Eslamifar); Senator Heinrich letter of October 26, 2026 forwarding USCIS expedite response |
| J | Form I-765 and I-131 receipt notices for both Plaintiffs; USCIS response dated July 20, 2026 to Dehnavi I-765 expedite request; USCIS I-131 expedite referral messages dated July 17, 2026 (Dehnavi) and July 21, 2026 (Z.E.); Senator Heinrich staff confirmation of October 20, 2026 expedite submission (Dehnavi) |
| K | Orthopedic statement for Azam Jahanbakhshzadeh dated July 18, 2026 (Persian original), with certified English translation dated July 20, 2026 |
| L | Bone densitometry reports for Masoumehsadat Bizeh dated February 6, 2022 and May 10, 2026 |

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Gholamreza Eslamifar and Mohadesesadat Dehnavi

**(b)** County of Residence of First Listed Plaintiff: Doña Ana County, NM
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se: 2367 Saturn Circle, Las Cruces, NM 88012-7727; (650) 629-6179 / (650) 629-6180

## DEFENDANTS

U.S. Citizenship and Immigration Services; Secretary of Homeland Security; Director of U.S. Citizenship and Immigration Services (official capacities)

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
U.S. Attorney's Office, District of New Mexico, 201 Third St. NW, Suite 900, Albuquerque, NM 87102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [X] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
5 U.S.C. §§ 555(b), 702, 706(1); 28 U.S.C. §§ 1331, 1361

Brief description of cause:
Unreasonable delay in adjudicating two Forms I-485 (adjustment of status); APA and mandamus

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____________ DOCKET NUMBER ____________

DATE: November 9, 2026

SIGNATURE OF ATTORNEY OF RECORD: Eslamifar MD Pro Se Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. 26-CV-3775 (____/____)

# INDEX OF EXHIBITS TO COMPLAINT


| Exhibit | Description | Pages |
|---|---|---|
| A | Department of State Advisory Opinion (Nov. 2, 2022); Forms DS-2019 for Gholamreza Eslamifar and Mohadesesadat Dehnavi | 2–7 |
| B | Form I-140 Approval Notice, IOE0922937526 (Aug. 23, 2024) | 8–10 |
| C | Form I-485 Receipt Notices (IOE0934042700, IOE0934042697) and Online Case Status | 11–15 |
| D | Biometrics Appointment Notices (Oct. 10, 2025; Aug. 4, 2026) | 16–19 |
| E | USCIS Online Chat Records (Sept. 9, 2026; Nov. 6, 2026) | 20–22 |
| F | Senator Heinrich Correspondence Forwarding USCIS Response, Eslamifar (Aug. 11, 2026) | 23–24 |
| G | Senator Heinrich Correspondence Forwarding USCIS Response, Dehnavi (Sept. 22, 2026) | 25–26 |
| H | I-485 Expedite Requests (Aug. 7, 2026) and USCIS Contact Center Acknowledgments (44850027, 44850067) | 27–35 |
| I | Senator Heinrich Expedite Submission, Eslamifar, and Letter Forwarding USCIS Response (Oct. 26, 2026) | 36–39 |
| J | Form I-765 and I-131 Receipt Notices; Expedite Records for Ancillary Applications; Congressional Submission, Dehnavi (Oct. 20, 2026) | 40–48 |
| K | Orthopedic Statement for Azam Jahanbakhshzadeh (July 18, 2026) with Certified English Translation (July 20, 2026) | 49–51 |
| L | Bone Densitometry Reports for Masoumehsadat Bizeh (Feb. 6, 2022; May 10, 2026) | 52–60 |


*Redactions: Birth dates have been redacted and the names of minor children replaced with initials, as required by Fed. R. Civ. P. 5.2(a). Documents relating to the minor child Z.E. are included only where referenced in the Complaint.*

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT A

Department of State Advisory Opinion (Nov. 2, 2022); Forms DS-2019 for Gholamreza Eslamifar and Mohadesesadat Dehnavi

United States Department of State

*Washington, D.C. 20520*

November 02, 2022

Mr. Gholamreza Eslamifar
4260 Northrise Dr. Apt 512
Las Cruces, NM 88011

Re: DoS# **1792744, Eslamifar, Gholamreza** DOB: [redacted] COB: **Iran** COR: **Iran**

Subject: Finding of the two-year foreign residence requirement of Section 212(e)

Dear Mr. Eslamifar:

This is in response to a request for an advisory opinion as to whether the above-referenced individual is subject to the two-year foreign residence requirement of Section 212(e) of the Immigration and Nationality Act, as amended.

The Department has determined that the exchange visitor is **not subject** to the requirement, based on the following data:

**DS-2019 (IAP-66):** N32958720

**Program Numbers:** P-1-03386

It appears there were no government funds involved in the program and the Skills List is not applicable in this case, therefore it is not necessary to process a waiver on the exchange visitor's behalf.

Should the exchange visitor wish to request a change in visa status, an application may be made directly to the District Office of the United States Citizenship and Immigration Services having jurisdiction over the exchange visitor's temporary place of residence in the United States.

We hope this information is helpful.

Sincerely,

ANN KAVALOU
Waiver Review Division

U.S. Department of State

**CERTIFICATE OF ELIGIBILITY FOR EXCHANGE VISITOR STATUS (J-NONIMMIGRANT)**

OMB APPROVAL NO.1405-0119
EXPIRES: 12/31/2024
ESTIMATED BURDEN TIME: 45 min
*See Page 2

N0032958720

J-1

1. Surname/Primary Name: Eslamifar | Given Name: Gholamreza | Sex: MALE

Date of Birth(mm-dd-yyyy): [redacted] | City of Birth: Tehran | Country of Birth: IRAN | Citizenship Country Code: IR | Citizenship Country: IRAN

Legal Permanent Residence Country Code: IR | Legal Permanent Residence Country: IRAN | Position Code: 213 | Position: UNIVERSITY TEACHING STAFF INCLUDING R

Primary Site of Activity: Water Resources Research Institute
3170 S ESPINA ST
LAS CRUCES, NM 88003

2. Program Sponsor: New Mexico State University | Program Number: P-1-03386

Participating Program Official Description:
PROFESSOR; RESEARCH SCHOLAR; SHORT-TERM SCHOLAR; SPECIALIST; STUDENT ASSOCIATE; STUDENT BACHELORS; STUDENT DOCTORATE; STUDENT INTERN; STUDENT MASTERS; STUDENT NON-DEGREE

Purpose of this form: OTHER
Make correction of program sponsor funds.

3. Form Covers Period:
From *(mm-dd-yyyy)*: 07-18-2022
To *(mm-dd-yyyy)*: 07-17-2027

4. Exchange Visitor Category: RESEARCH SCHOLAR

Subject/Field Code: 40.0605

Subject/Field Code Remarks: The EV will serve as a Research Scholar and Postdoctoral Researcher for the New Mexico Water Resources Research Institute (NM WRRI) is to conduct research and modeling supporting two New Mexico Water Resources Research Institute proj

5. During the period covered by this form, the total estimated financial support *(in U.S. $)* is to be provided to the exchange visitor by:

Current Program Sponsor funds : $269,612.00
Total : $269,612.00

6. **RESPONSIBLE OFFICER OR ALTERNATE RESPONSIBLE OFFICER ATTESTATION:** I attest that prior to issuing this Form DS-2019, the Program Sponsor organization identified above, for which I serve as the Responsible Officer or Alternate Responsible Officer, has verified, in accordance with the requirements of 22 CFR 62.12(b), that each prospective exchange visitor: (i) is eligible and qualified for, and accepted into, the program in which he or she will participate; (ii) possesses adequate financial resources to participate in and complete his or her exchange visitor program; and (iii) possesses adequate financial resources to support an accompanying spouse and dependents, if any. I also attest that upon printing and signing this form, I am physically present in the United States or in a U.S. territory. A notification copy of this form has been provided to the U.S. Department of State.

7.
Derek Yu — Name of Official Preparing Form
Responsible Officer — Title
1780 E UNIVERSITY AVE
ISSS, Undergraduate Admissions & Orientation
LAS CRUCES, NM 88003-1229
Address of Responsible Officer or Alternate Responsible Officer
575-646-2411 — Telephone Number
[signature] — Signature of Responsible Officer or Alternate Responsible Officer
06-30-2026 — Date *(mm-dd-yyyy)*

8. **Statement of Responsible Officer for Releasing Sponsor** *(FOR TRANSFER OF PROGRAM)*
Effective date *(mm-dd-yyyy)*: ______ Transfer of this exchange visitor from program number ______ sponsored by ______
to the program specified in item 2 is necessary or highly desirable and is in conformity with the objectives of the Mutual Educational and Cultural Exchange Act of 1961, as amended.

Signature of Responsible Officer or Alternate Responsible Officer — Date *(mm-dd-yyyy)* of Signature

**PRELIMINARY ENDORSEMENT OF CONSULAR OR IMMIGRATION OFFICER REGARDING SECTION 212(e) OF THE IMMIGRATION AND NATIONALITY ACT AND PL 94-484, AS AMENDED** *(see item 1(a) of page 2).*

The Exchange Visitor in the above program is:

1. ☐ Not subject to the two-year residence requirement.
2. ☐ Subject to the two-year residence requirement based on:
   - A. ☐ Government financing and/or
   - B. ☐ The Exchange Visitor Skills List and/or
   - C. ☐ PL 94-484, as amended

*(ALL USAID PARTICIPANTS G-2-00263 AND ALL ALIEN PHYSICIANS SPONSORED BY P-3-04510 ARE SUBJECT TO THE TWO-YEAR HOME RESIDENCE REQUIREMENT)*

Name — Title

Signature of Consular or Immigration Officer — Date *(mm-dd-yyyy)*

**THE U.S. DEPARTMENT OF STATE RESERVES THE RIGHT TO MAKE FINAL DETERMINATION REGARDING 212 (e).**

**TRAVEL VALIDATION BY RESPONSIBLE OFFICER**
*(Maximum validation period is 1 year*)*

***EXCEPT:** Maximum validation period is up to 6 months for Short-term Scholars and 4 months for Camp Counselors and Summer Work/Travel.

(1) Exchange Visitor is in good standing at the present time
Date *(mm-dd-yyyy)*
Signature of Responsible Officer or Alternate Responsible Officer

(2) Exchange Visitor is in good standing at the present time
Date *(mm-dd-yyyy)*
Signature of Responsible Officer or Alternate Responsible Officer

**EXCHANGE VISITOR CERTIFICATION:** I have read and agree with the statement in item 2 on page 2 of this document.

Eslamifar [signature] — Signature of Applicant | Las Cruces, NM — Place | 07.01.2026 — Date *(mm-dd-yyyy)*

DS-2019
07-2011

Page 1 of 2

**INSTRUCTIONS FOR AND CERTIFICATION BY THE ALIEN BENEFICIARY NAMED ON PAGE 1 OF THIS FORM:**

Read this page and sign the Exchange Visitor Certification block on the bottom of page 1 prior to presentation to a United States Consular or Immigration Official.

1. I understand that the following conditions are applicable to exchange visitors:

   **(a)** **TWO-YEAR HOME-COUNTRY PHYSICAL PRESENCE REQUIREMENT** ***(SECTION 212(e) OF THE IMMIGRATION AND NATIONALITY ACT AND PL 94-484, AS AMENDED):***

   **RULE:** Exchange visitors whose programs are financed in whole or in part, directly or indirectly by either their government or by the U.S. Government, are required to reside in their home country for 2 years following completion of their program before they are eligible for immigrant status, temporary worker *(H)* status, or intracompany transferee *(L)* status. Likewise, if exchange visitors are acquiring a skill that is in short supply in their home country *(these skills appear on the "Exchange Visitor Skills List")* they will be subject to the same two-year home-country residence requirement. The requirement also is applicable to alien physicians entering the United States to receive graduate medical education or training.

   The U.S. Department of State reserves the right to make the final determination regarding 212*(e)*.

   **NOTE: MARRIAGE TO A U.S. CITIZEN OR LEGAL PERMANENT RESIDENT OR BIRTH OF A CHILD IN THE UNITED STATES DOES NOT REMOVE THIS REQUIREMENT.**

   **(b)** ***Extension of Stay/Program Transfers:*** A completed Form DS-2019 is required in order to apply for a program extension or program transfer, and must be obtained from or with the assistance of the sponsor.

   **(c)** ***Limitation of Stay: STUDENTS*** - as long as they pursue a full course of study towards a degree, or if engaged full-time in a non-degree program, up to 24 months. Students for whom the sponsor recommends academic training may be permitted to remain for an additional period of up to 18 months after receiving their degree or certificate; post-doctoral academic training may be approved by the sponsor for a period not to exceed 36 months; **SECONDARY STUDENTS** - up to 1 academic year; **TRAINEES** - 18 months; **TEACHERS** - 3 years; **PROFESSORS** and **RESEARCH SCHOLARS** - 5 years; **SHORT-TERM SCHOLARS** - 6 months; **SPECIALISTS** - 1 year; **INTERNATIONAL VISITORS** - 1 year; **ALIEN PHYSICIAN** - the time typically required to complete the medical specialty involved but limited to 7 years with the possibility of extension if approved by the U.S. Department of State; **GOVERNMENT VISITOR** - up to 18 months; **CAMP COUNSELOR** - up to 4 months; **SUMMER WORK/TRAVEL** - up to 4 months; **AU PAIR** - 1 year; **INTERN** - up to 12 months. For details, see 22 CFR Part 62.

   **(d)** ***Documentation Required for Admission/Readmission as an Exchange Visitor:*** To be eligible for admission to the United States, an exchange visitor must present the following at the port of entry: *(1)* a valid nonimmigrant visa, unless exempt from nonimmigrant visa requirements; *(2)* a passport valid for 6 months beyond the anticipated period of admission, unless exempt from passport requirements; *(3)* a properly executed Form DS-2019 which must be retained by the exchange visitor for readmission within the period of previously authorized stay. Exchange visitors are permitted to travel abroad and maintain status *(e.g., obtain a new visa)* under duration of the program as indicated by the dates on this form *(see item 3 on page 1 of this form)*.

   **(e)** ***Change of Visa Status:*** Exchange visitors (and their spouses and dependents) are expected to leave the United States upon completion of their program objective. Exchange visitors who are subject to the two-year home-country physical presence requirement are not eligible to change their status while in the United States to any other nonimmigrant category except, if applicable, that of official or employee of a foreign government *(A)* or an international organization *(G)* or member of the family or attendant of either of these types of officials or employees.

   **(f)** ***Insurance:*** Exchange visitors are required to have medical insurance in effect of themselves for the duration of their exchange program, and for accompanying spouse and dependents while they are in United States during the exchange visitor's program. Exchange visitors are required to have: *(1)* medical benefits of at least $100,000 per accident or illness; *(2)* repatriation of remains in the amount of U.S. $25,000; and *(3)* expenses associated with medical evacuation in the amount of U.S. $50,000. A policy secured to fulfill the insurance requirements shall not have a deductible that exceeds U.S. $500 per accident or illness, and must meet other standards specified in the Exchange Visitor Program regulations, 22 CFR Part 62.14. For details, consult your program's Responsible Officer or Alternate Responsible Officer *(see item 7 on page 1 of this form)*.

2. ***EXCHANGE VISITOR (J-NONIMMIGRANT) CERTIFICATION:*** I have read and agreed to comply with the terms and conditions of my admission and those of any extension of stay. I certify under penalty of perjury for violating U.S. laws (18 U.S. Code §1621 - Perjury generally); or (18 U.S. Code §1001 - False Statement) that all information provided on this form refers specifically to me and is true and correct to the best of my knowledge. I certify that I seek to enter or remain in the United States temporarily, and solely for the purpose of pursuing an exchange program facilitated by the designated sponsor named above, or for an accompanying spouse and dependent(s). I also authorize the named sponsor to release any information from my records needed by DHS pursuant to 8 CFR 214.3(g) to determine my nonimmigrant status. I agree that I will maintain compliance with insurance regulations as specified in 22 CFR 62.14 for myself for the duration of my exchange program and for my J-2 spouse and dependents while they are present in the United States during my exchange program. For the purposes of 20 U.S.C. 1232g and 22 CFR 62, I authorize U.S. Department of State designated sponsors and any educational institution named on Form DS-2019 to release information to the Department of State relating to compliance with the Exchange Visitor Program regulations. Signatures: The J-1 exchange visitor should sign the J-1 form under Signature of Applicant. The J-2 spouse or dependent should sign the J-2 form under Signature of Applicant. Parent or guardian must sign the J-1 form if exchange visitor is under 16. Parent or guardian must sign the J-2 form if accompanying minor is under 16.

**NOTICE TO ALL EXCHANGE VISITORS**

To facilitate your readmission to the United States after a visit in another country other than a contiguous territory or adjacent islands, you should have the Responsible Officer or Alternate Responsible Officer of your sponsoring organization indicate on the TRAVEL VALIDATION BY RESPONSIBLE OFFICER or Alternate Responsible Officer section of the Form DS-2019 that you continue to be in good standing.

The signature of the Responsible Officer or the Alternate Responsible Officer on the Form DS-2019 is valid for up to one year* or until the end date in item 3 on page 1 of this Form, or to the validation date authorized by the Responsible Officer, whichever occurs sooner.

*** EXCEPT:** Maximum validation period is up to 6 months for Short-term Scholars and 4 months for Camp Counselors and Summer Work/Travel.

**PAPERWORK REDUCTION ACT STATEMENT:** Under the Mutual Educational and Cultural Exchange Act of 1961, as amended, the U.S. Department of State has been delegated the authority to designate Exchange Visitor Programs for U.S. Government agencies, and for public and private educational and cultural exchange organizations. The information is used by Exchange Visitor Program sponsors to appropriately identify an individual seeking to enter the United States as an exchange visitor and by the U.S. Department of State for exchange visitor program administration purposes. The completed form is sent to the prospective exchange visitor abroad, who takes it to the U.S. Consulate *(Embassy)* to secure an exchange visitor *(J-1, J-2)* visa. Responses are mandatory. An Agency or organization may not conduct or sponsor, and the respondent is not required to respond, to a collection of information unless it displays a valid OMB control number. Public reporting burden for this collection of information is estimated to average 45 minutes per response, including the time for reviewing instructions, researching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: U.S. Department of State, ECA/EC, Washington, D.C. 20522-0505.

**CONFIDENTIALITY STATEMENT:** INA Section 222 *(f)* provides that visa issuance and refusal records shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States. Certified copies of visa records may be made available to a court which certifies that the information contained in such records is needed in a case pending before the court.

U.S. Department of State

**CERTIFICATE OF ELIGIBILITY FOR EXCHANGE VISITOR STATUS (J-NONIMMIGRANT)**

OMB APPROVAL NO.1405-0119
EXPIRES: 12/31/2024
ESTIMATED BURDEN TIME: 45 min
*See Page 2

N0032958923

**J-2 Dependent**

1. J-2 Surname/Primary Name: Dehnavi
J-2 Given Name: Mohadesesadat
J-2 Sex: FEMALE

Date of Birth (mm-dd-yyyy): [redacted]
City of Birth: Tehran
Country of Birth: IRAN
Citizenship Country Code: IR
Citizenship Country: IRAN

Legal Permanent Residence Country Code: IR
Legal Permanent Residence Country: IRAN
Position Code: 213
Position: UNIVERSITY TEACHING STAFF INCLUDING R

Primary Site of Activity: Water Resources Research Institute
3170 S ESPINA ST
LAS CRUCES, NM 88003

J-1 Surname/Primary Name: Eslamifar
J-1 Given Name: Gholamreza
J-1 Sex: MALE

2. Program Sponsor: New Mexico State University
Program Number: P-1-03386

Participating Program Official Description:
PROFESSOR; RESEARCH SCHOLAR; SHORT-TERM SCHOLAR; SPECIALIST; STUDENT ASSOCIATE; STUDENT BACHELORS; STUDENT DOCTORATE; STUDENT INTERN; STUDENT MASTERS; STUDENT NON-DEGREE

Purpose of this form: Amend previous form: Update financial information

3. Form Covers Period:
From (mm-dd-yyyy): 07-18-2022
To (mm-dd-yyyy): 07-17-2027

4. Exchange Visitor Category: RESEARCH SCHOLAR
Subject/Field Code: 40.0605
Subject/Field Code Remarks: The EV will serve as a Research Scholar and Postdoctoral Researcher for the New Mexico Water Resources Research Institute (NM WRRI) is to conduct research and modeling supporting two New Mexico Water Resources Research Institute proj

5. During the period covered by this form, the total estimated financial support *(in U.S. $)* is to be provided to the exchange visitor by:

Current Program Sponsor funds : $269,612.00
Total : $269,612.00

6. RESPONSIBLE OFFICER OR ALTERNATE RESPONSIBLE OFFICER ATTESTATION: I attest that prior to issuing this Form DS-2019, the Program Sponsor organization identified above, for which I serve as the Responsible Officer or Alternate Responsible Officer, has verified, in accordance with the requirements of 22 CFR 62.12(b), that each prospective exchange visitor: (i) is eligible and qualified for, and accepted into, the program in which he or she will participate; (ii) possesses adequate financial resources to participate in and complete his or her exchange visitor program; and (iii) possesses adequate financial resources to support an accompanying spouse and dependents, if any. I also attest that upon printing and signing this form, I am physically present in the United States or in a U.S. territory. A notification copy of this form has been provided to the U.S. Department of State.

7.
Derek Yu
Name of Official Preparing Form

Responsible Officer
Title

1780 E UNIVERSITY AVE
ISSS, Undergraduate Admissions & Orientation
LAS CRUCES, NM 88003-1229
Address of Responsible Officer or Alternate Responsible Officer

575-646-2411
Telephone Number

[signature]
Signature of Responsible Officer or Alternate Responsible Officer

06-30-2026
Date *(mm-dd-yyyy)*

8. Statement of Responsible Officer for Releasing Sponsor *(FOR TRANSFER OF PROGRAM)*
Effective date *(mm-dd-yyyy)*: ________. Transfer of this exchange visitor from program number ________ sponsored by ________ to the program specified in item 2 is necessary or highly desirable and is in conformity with the objectives of the Mutual Educational and Cultural Exchange Act of 1961, as amended.

Signature of Responsible Officer or Alternate Responsible Officer

Date *(mm-dd-yyyy)* of Signature

PRELIMINARY ENDORSEMENT OF CONSULAR OR IMMIGRATION OFFICER REGARDING SECTION 212(e) OF THE IMMIGRATION AND NATIONALITY ACT AND PL 94-484, AS AMENDED *(see item 1(a) of page 2).*

The Exchange Visitor in the above program is:

1. ☐ Not subject to the two-year residence requirement.
2. ☐ Subject to the two-year residence requirement based on:
   - A. ☐ Government financing and/or
   - B. ☐ The Exchange Visitor Skills List and/or
   - C. ☐ PL 94-484, as amended

*(ALL USAID PARTICIPANTS G-2-00263 AND ALL ALIEN PHYSICIANS SPONSORED BY P-3-04510 ARE SUBJECT TO THE TWO-YEAR HOME RESIDENCE REQUIREMENT)*

Name

Title

Signature of Consular or Immigration Officer

Date *(mm-dd-yyyy)*

THE U.S. DEPARTMENT OF STATE RESERVES THE RIGHT TO MAKE FINAL DETERMINATION REGARDING 212 *(e)*.

TRAVEL VALIDATION BY RESPONSIBLE OFFICER
*(Maximum validation period is 1 year*)*

*EXCEPT: Maximum validation period is up to 6 months for Short-term Scholars and 4 months for Camp Counselors and Summer Work/Travel.

(1) Exchange Visitor is in good standing at the present time

Date *(mm-dd-yyyy)*

Signature of Responsible Officer or Alternate Responsible Officer

(2) Exchange Visitor is in good standing at the present time

Date *(mm-dd-yyyy)*

Signature of Responsible Officer or Alternate Responsible Officer

EXCHANGE VISITOR CERTIFICATION: I have read and agree with the statement in item 2 on page 2 of this document.

[signature]
Signature of Applicant

Las Cruces, NM
Place

07/01/2026
Date *(mm-dd-yyyy)*

DS-2019
07-2011

**INSTRUCTIONS FOR AND CERTIFICATION BY THE ALIEN BENEFICIARY NAMED ON PAGE 1 OF THIS FORM:**

Read this page and sign the Exchange Visitor Certification block on the bottom of page 1 prior to presentation to a United States Consular or Immigration Official.

1. I understand that the following conditions are applicable to exchange visitors:

   **(a)** **TWO-YEAR HOME-COUNTRY PHYSICAL PRESENCE REQUIREMENT** ***(SECTION 212(e) OF THE IMMIGRATION AND NATIONALITY ACT AND PL 94-484, AS AMENDED):***
   **RULE:** Exchange visitors whose programs are financed in whole or in part, directly or indirectly by either their government or by the U.S. Government, are required to reside in their home country for 2 years following completion of their program before they are eligible for immigrant status, temporary worker *(H)* status, or intracompany transferee *(L)* status. Likewise, if exchange visitors are acquiring a skill that is in short supply in their home country *(these skills appear on the "Exchange Visitor Skills List")* they will be subject to the same two-year home-country residence requirement. The requirement also is applicable to alien physicians entering the United States to receive graduate medical education or training.
   The U.S. Department of State reserves the right to make the final determination regarding 212*(e)*.
   **NOTE: MARRIAGE TO A U.S. CITIZEN OR LEGAL PERMANENT RESIDENT OR BIRTH OF A CHILD IN THE UNITED STATES DOES NOT REMOVE THIS REQUIREMENT.**

   **(b)** ***Extension of Stay/Program Transfers:*** A completed Form DS-2019 is required in order to apply for a program extension or program transfer, and must be obtained from or with the assistance of the sponsor.

   **(c)** ***Limitation of Stay: STUDENTS*** - as long as they pursue a full course of study towards a degree, or if engaged full-time in a non-degree program, up to 24 months. Students for whom the sponsor recommends academic training may be permitted to remain for an additional period of up to 18 months after receiving their degree or certificate; post-doctoral academic training may be approved by the sponsor for a period not to exceed 36 months; **SECONDARY STUDENTS** - up to 1 academic year; **TRAINEES** - 18 months; **TEACHERS** - 3 years; **PROFESSORS** and **RESEARCH SCHOLARS** - 5 years; **SHORT-TERM SCHOLARS** - 6 months; **SPECIALISTS** -1 year; **INTERNATIONAL VISITORS** - 1 year; **ALIEN PHYSICIAN** - the time typically required to complete the medical specialty involved but limited to 7 years with the possibility of extension if approved by the U.S. Department of State; **GOVERNMENT VISITOR** - up to 18 months; **CAMP COUNSELOR** - up to 4 months; **SUMMER WORK/TRAVEL** - up to 4 months; **AU PAIR** - 1 year; **INTERN** - up to 12 months. For details, see 22 CFR Part 62.

   **(d)** ***Documentation Required for Admission/Readmission as an Exchange Visitor:*** To be eligible for admission to the United States, an exchange visitor must present the following at the port of entry: *(1)* a valid nonimmigrant visa, unless exempt from nonimmigrant visa requirements; *(2)* a passport valid for 6 months beyond the anticipated period of admission, unless exempt from passport requirements; *(3)* a properly executed Form DS-2019 which must be retained by the exchange visitor for readmission within the period of previously authorized stay. Exchange visitors are permitted to travel abroad and maintain status *(e.g., obtain a new visa)* under duration of the program as indicated by the dates on this form *(see item 3 on page 1 of this form)*.

   **(e)** ***Change of Visa Status:*** Exchange visitors (and their spouses and dependents) are expected to leave the United States upon completion of their program objective. Exchange visitors who are subject to the two-year home-country physical presence requirement are not eligible to change their status while in the United States to any other nonimmigrant category except, if applicable, that of official or employee of a foreign government *(A)* or an international organization *(G)* or member of the family or attendant of either of these types of officials or employees.

   **(f)** ***Insurance:*** Exchange visitors are required to have medical insurance in effect of themselves for the duration of their exchange program, and for accompanying spouse and dependents while they are in United States during the exchange visitor's program. Exchange visitors are required to have: *(1)* medical benefits of at least $100,000 per accident or illness; *(2)* repatriation of remains in the amount of U.S. $25,000; and *(3)* expenses associated with medical evacuation in the amount of U.S. $50,000. A policy secured to fulfill the insurance requirements shall not have a deductible that exceeds U.S. $500 per accident or illness, and must meet other standards specified in the Exchange Visitor Program regulations, 22 CFR Part 62.14. For details, consult your program's Responsible Officer or Alternate Responsible Officer *(see item 7 on page 1 of this form)*.

2. ***EXCHANGE VISITOR (J-NONIMMIGRANT) CERTIFICATION:*** I have read and agreed to comply with the terms and conditions of my admission and those of any extension of stay. I certify under penalty of perjury for violating U.S. laws (18 U.S. Code §1621 - Perjury generally); or (18 U.S. Code §1001 - False Statement) that all information provided on this form refers specifically to me and is true and correct to the best of my knowledge. I certify that I seek to enter or remain in the United States temporarily, and solely for the purpose of pursuing an exchange program facilitated by the designated sponsor named above, or for an accompanying spouse and dependent(s). I also authorize the named sponsor to release any information from my records needed by DHS pursuant to 8 CFR 214.3(g) to determine my nonimmigrant status. I agree that I will maintain compliance with insurance regulations as specified in 22 CFR 62.14 for myself for the duration of my exchange program and for my J-2 spouse and dependents while they are present in the United States during my exchange program. For the purposes of 20 U.S.C. 1232g and 22 CFR 62, I authorize U.S. Department of State designated sponsors and any educational institution named on Form DS-2019 to release information to the Department of State relating to compliance with the Exchange Visitor Program regulations. Signatures: The J-1 exchange visitor should sign the J-1 form under Signature of Applicant. The J-2 spouse or dependent should sign the J-2 form under Signature of Applicant. Parent or guardian must sign the J-1 form if exchange visitor is under 16. Parent or guardian must sign the J-2 form if accompanying minor is under 16.

**NOTICE TO ALL EXCHANGE VISITORS**

To facilitate your readmission to the United States after a visit in another country other than a contiguous territory or adjacent islands, you should have the Responsible Officer or Alternate Responsible Officer of your sponsoring organization indicate on the TRAVEL VALIDATION BY RESPONSIBLE OFFICER or Alternate Responsible Officer section of the Form DS-2019 that you continue to be in good standing.

The signature of the Responsible Officer or the Alternate Responsible Officer on the Form DS-2019 is valid for up to one year* or until the end date in item 3 on page 1 of this Form, or to the validation date authorized by the Responsible Officer, whichever occurs sooner.

* **EXCEPT:** Maximum validation period is up to 6 months for Short-term Scholars and 4 months for Camp Counselors and Summer Work/Travel.

**PAPERWORK REDUCTION ACT STATEMENT:** Under the Mutual Educational and Cultural Exchange Act of 1961, as amended, the U.S. Department of State has been delegated the authority to designate Exchange Visitor Programs for U.S. Government agencies, and for public and private educational and cultural exchange organizations. The information is used by Exchange Visitor Program sponsors to appropriately identify an individual seeking to enter the United States as an exchange visitor and by the U.S. Department of State for exchange visitor program administration purposes. The completed form is sent to the prospective exchange visitor abroad, who takes it to the U.S. Consulate *(Embassy)* to secure an exchange visitor *(J-1, J-2)* visa. Responses are mandatory. An Agency or organization may not conduct or sponsor, and the respondent is not required to respond, to a collection of information unless it displays a valid OMB control number. Public reporting burden for this collection of information is estimated to average 45 minutes per response, including the time for reviewing instructions, researching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: U.S. Department of State, ECA/EC, Washington, D.C. 20522-0505.

**CONFIDENTIALITY STATEMENT:** INA Section 222 *(f)* provides that visa issuance and refusal records shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States. Certified copies of visa records may be made available to a court which certifies that the information contained in such records is needed in a case pending before the court.

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. _______________ (____/____)

# EXHIBIT B

Form I-140 Approval Notice, IOE0922937526 (Aug. 23, 2024)

THE UNITED STATES OF AMERICA

# I-797 | NOTICE OF ACTION

DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| | | |
|---|---|---|
| Receipt Number<br>IOE0922937526 | | Case Type<br>I140 - IMMIGRANT PETITION FOR ALIEN WORKER |
| Received Date<br>10/30/2023 | Priority Date<br>10/30/2023 | Petitioner<br>ESLAMIFAR, GHOLAMREZA |
| Notice Date<br>08/23/2024 | Page<br>1 of 1 | Beneficiary A233 373 591<br>ESLAMIFAR, GHOLAMREZA |

ESLAMIFAR, GHOLAMREZA
4260 NORTHRISE DR APT 512
LAS CRUCES NM 88011

**Notice Type:** Approval Notice
**Section:** Indiv w/Adv Deg or Exceptional Ability in the National Interest, Sec.203(b)(2)
**Consulate:**
**ETA Case Number:** NA
**SOC Code:** 19-2043

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local USCIS office to obtain Form I-485, Application to Register Permanent Residence or Adjust Status. A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local USCIS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based upon this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).
The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. The NVC will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

**THIS NOTICE IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

**USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.**

Nebraska Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 82521
Lincoln NE 68501-2521
**USCIS Contact Center: www.uscis.gov/contactcenter**

FORM I-797 [REV. 08/01/16]

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>November 01, 2023 |
| CASE TYPE<br>I-140, Immigrant Petition for Alien Worker | | USCIS ALIEN NUMBER |
| RECEIPT NUMBER<br>IOE0922937526 | RECEIVED DATE<br>October 30, 2023 | PAGE<br>1 of 1 |
| PRIORITY DATE<br>October 30, 2023 | PREFERENCE CLASSIFICATION<br>203 B2 NATL INTEREST WAIVER | DATE OF BIRTH<br>July 21, 1984 |

GHOLAMREZA ESLAMIFAR
4260 NORTHRISE DR APT 512
LAS CRUCES, NM 88011 23 00007699

**APPLICANT/PETITIONER NAME AND MAILING ADDRESS**

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $700.00 |
| **Total Amount Received:** | $700.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case for the following beneficiaries:

| Name | Date of Birth | Country of Birth | Class (If Applicable) |
|---|---|---|---|
| ESLAMIFAR, GHOLAMREZA | 7/21/1984 | IRAN | |

If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
Nebraska Service Center
P.O. Box 82521
Lincoln, NE 68501-2521

**USCIS Contact Center Number:**
(800)375-5283
APPLICANT COPY

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 04/01/19

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT C

Form I-485 Receipt Notices (IOE0934042700, IOE0934042697) and Online Case Status

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>October 06, 2025 |
| CASE TYPE<br>I-485, Application to Register Permanent Residence or Adjust Status | | USCIS ALIEN NUMBER<br>A233373591 |
| RECEIPT NUMBER<br>IOE0934042700 | RECEIVED DATE<br>October 02, 2025 | PAGE<br>1 of 1 |
| PRIORITY DATE<br>October 30, 2023 | PREFERENCE CLASSIFICATION<br>An Alien Applying For a National Interest Waiver | DATE OF BIRTH<br>[redacted] |

GHOLAMREZA ESLAMIFAR
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES, NM 88011 25 00008241

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $1,440.00 |
| **Total Amount Received:** | $1,440.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If we have approved or are still processing your underlying Form I-140 and your Form I-485 has been pending for at least 180 days, you may request to change employers under INA 204(j). For more information on this process, please visit uscis.gov/i-485supj.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

If this is an interview or biometrics appointment notice, please see the back of this notice for important information. Form I-797C 10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>October 06, 2025 |
| CASE TYPE<br>I-485, Application to Register Permanent Residence or Adjust Status | | USCIS ALIEN NUMBER |
| RECEIPT NUMBER<br>IOE0934042697 | RECEIVED DATE<br>October 02, 2025 | PAGE<br>1 of 1 |
| PRIORITY DATE | PREFERENCE CLASSIFICATION<br>An Alien Applying For a National Interest Waiver | DATE OF BIRTH<br>[redacted] |

MOHADESESADAT DEHANVI
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES, NM 88011 25 00008244

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $1,440.00 |
| **Total Amount Received:** | $1,440.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

GE **Gholamreza Eslamifar**

View profile (/account/applicant/profile)

# Your Cases

## I-485, Application to Register Permanent Residence or Adjust Status

**Submitted on** October 2, 2025 | **Receipt #** IOE0934042700

Case Status | Case History | Documents

**October 30, 2025**

### USCIS Is Currently Processing The Case

As of October 30, 2025, USCIS is currently processing your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number IOE0934042700. We do not currently need anything from you but will contact you if we need additional information regarding your case. If you move, go to www.uscis.gov/addresschange (https://www.uscis.gov/addresschange) to give us your new mailing address.

Current as of today at 4:32 p.m.

Concurrent filing

my.uscis.gov/account/applicant

## I-485, Application to Register Permanent Residence or Adjust Status

**Submitted on** October 2, 2025 | **Receipt #** IOE0934042697

**Case Status** Case History Documents

**October 30, 2025**

### USCIS Is Currently Processing The Case

As of October 30, 2025, USCIS is currently processing your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number IOE0934042697. We do not currently need anything from you but will contact you if we need additional information regarding your case. If you move, go to www.uscis.gov/addresschange to give us your new mailing address.

Current as of today at 4:34 p.m.

Return to top

**Topics** **Citizenship** **Schedule an Appointment** **Find a Doctor** **Find a Class**

U.S. Citizenship and Immigration Services

**Contact USCIS**

USCIS.gov

**An official website of the U.S. Department of Homeland Security**

NTAS

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT D

Biometrics Appointment Notices (Oct. 10, 2025; Aug. 4, 2026)

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| ASC Appointment Notice | CASE TYPE 1485; I131; I765 | | NOTICE DATE 10/10/2025 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER IOE0934042700; IOE0934042702; IOE0934042701 | | USCIS A# A233 373 591 | CODE 3 |
| ACCOUNT NUMBER 019484373780 | TCR | SERVICE CENTER NBC | PAGE 1 of 2 |

GHOLAMREZA ESLAMIFAR
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES NM 88011

ASC SITE CODE: XGA
BIOMETRICS CAPTURE REVIEW BY:
TENPRINT/IDENT REVIEW BY: ON
OCT 30 2025

**READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the Application Support Center (ASC) at the date and time specified. **TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT,** SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF YOU FAIL TO APPEAR AS SCHEDULED, USCIS WILL CONSIDER YOUR BENEFIT REQUEST ABANDONED AND IT MAY BE DENIED.

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS EL PASO<br>10500 Montwood<br>El Paso TX 79935 | 10/30/2025<br>08:00AM |

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE.** If you received multiple ASC notices, bring **all** notices to your first appointment, and
2. **PHOTO IDENTIFICATION.** You must bring a valid government-issued photo identification. If the name on your identification is different than the name on your ASC notice, bring supporting documents. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

If you are sick, do not visit a USCIS office, follow the instructions on this notice to reschedule your appointment. If you have injuries that may interfere with your biometrics submission, USCIS may reschedule your appointment.

Cell phones or electronic devices must be turned off during biometrics submission. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

**NOTE:** If an ASC closes due to weather or other reasons, USCIS will automatically reschedule your appointment for the next available date and time and you will receive a new ASC appointment notice. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment.

You must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or for any purpose authorized by the Immigration and Nationality Act.

You may obtain a copy of your FBI record using the procedures outlined in 28 C.F.R. 16.32. Visit: https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/identity-history-summary-checks for more information. For Privacy Act information, please visit https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/compact-council/privacy-act-statement.

If you cannot attend your scheduled appointment, you may request to reschedule at https://my.uscis.gov/accounts/biometrics/overview or by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). You must make your request before the date and time of the original appointment, and you must establish good cause for rescheduling. If you fail to make a request before your scheduled appointment or fail to establish good cause, and you do not appear at your appointment, USCIS may consider your application, petition, or request abandoned and, as a result, it may be denied. For more information about rescheduling, see https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

If you cannot leave your home/hospital due to a serious ongoing medical condition, you may request a mobile biometrics appointment by following the instructions on the back of this notice under "Notice for People with Disabilities," or by visiting uscis.gov/accommodations.

**If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.**

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| **ASC Appointment Notice** | CASE TYPE<br>1485; I131; I765 | | NOTICE DATE<br>10/10/2025 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER<br>IOE0934042697; IOE0934042699; IOE0934042698 | | USCIS A#<br>A236 317 757 | CODE<br>3 |
| ACCOUNT NUMBER<br>008748469758 | TCR | SERVICE CENTER<br>NBC | PAGE<br>1 of 2 |

MOHADESESADAT DEHANVI
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES NM 88011

ASC SITE CODE
BIOMETRICS DATA REVIEW
ON
TENPRINTS DATA REVIEW
ON OCT 30 2025

**READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the Application Support Center (ASC) at the date and time specified. **TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT,** SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF YOU FAIL TO APPEAR AS SCHEDULED, USCIS WILL CONSIDER YOUR BENEFIT REQUEST ABANDONED AND IT MAY BE DENIED.

| **APPLICATION SUPPORT CENTER** | **DATE AND TIME OF APPOINTMENT** |
|---|---|
| USCIS EL PASO<br>10500 Montwood<br>El Paso TX 79935 | 10/30/2025<br>08:00AM |

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE.** If you received multiple ASC notices, bring **all** notices to your first appointment, and
2. **PHOTO IDENTIFICATION.** You must bring a valid government-issued photo identification. If the name on your identification is different than the name on your ASC notice, bring supporting documents. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

If you are sick, do not visit a USCIS office, follow the instructions on this notice to reschedule your appointment. If you have injuries that may interfere with your biometrics submission, USCIS may reschedule your appointment.

Cell phones or electronic devices must be turned off during biometrics submission. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

***NOTE:*** *If an ASC closes due to weather or other reasons, USCIS will automatically reschedule your appointment for the next available date and time and you will receive a new ASC appointment notice. For the latest information on the status of an office, visit https:// www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment.*

You must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or for any purpose authorized by the Immigration and Nationality Act.

You may obtain a copy of your FBI record using the procedures outlined in 28 C.F.R. 16.32. Visit: https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/identity-history-summary-checks for more information. For Privacy Act information, please visit https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/compact-council/privacy-act-statement.

If you cannot attend your scheduled appointment, you may request to reschedule at https://my.uscis.gov/accounts/biometrics/overview or by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). You must make your request before the date and time of the original appointment, and you must establish good cause for rescheduling. If you fail to make a request before your scheduled appointment or fail to establish good cause, and you do not appear at your appointment, USCIS may consider your application, petition, or request abandoned and, as a result, it may be denied. For more information about rescheduling, see https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

If you cannot leave your home/hospital due to a serious ongoing medical condition, you may request a mobile biometrics appointment by following the instructions on the back of this notice under "Notice for People with Disabilities," or by visiting uscis.gov/accommodations.

**If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.**

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| ASC Appointment Notice | CASE TYPE: I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION | | NOTICE DATE: 08/04/2026 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER: IOE0934042701 | | USCIS A#: A233 373 591 | CODE: 5 |
| ACCOUNT NUMBER: | TCR | SERVICE CENTER: NBC | PAGE: 1 of 2 |

GHOLAMREZA ESLAMIFAR
2367 SATURN CIR
LAS CRUCES NM 88012

XGA
AUG 13 2026 #82
YB

**READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, U.S. Citizenship and Immigration Services (USCIS) must collect your biometrics. Please appear at the Application Support Center (ASC) at the date and time specified. **TO REQUEST THAT USCIS RESCHEDULE YOUR APPOINTMENT,** SEE THE INSTRUCTIONS AT THE BOTTOM OF THIS NOTICE. IF YOU FAIL TO APPEAR AS SCHEDULED, USCIS WILL CONSIDER YOUR BENEFIT REQUEST ABANDONED AND IT MAY BE DENIED.

**APPLICATION SUPPORT CENTER**
USCIS EL PASO
10500 Montwood
El Paso TX 79935

**DATE AND TIME OF APPOINTMENT**
08/18/2026
03:00PM

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE.** If you received multiple ASC notices, bring all notices to your first appointment, and
2. **PHOTO IDENTIFICATION.** You must bring a valid government-issued photo identification. If the name on your identification is different than the name on your ASC notice, bring supporting documents. If you filed an Application for Naturalization (Form N-400) or Application to Replace Permanent Resident Card (Form I-90), you must bring your Permanent Resident Card (also known as a Green Card).

If you are sick, do not visit a USCIS office, follow the instructions on this notice to reschedule your appointment. If you have injuries that may interfere with your biometrics submission, USCIS may reschedule your appointment.

Cell phones or electronic devices must be turned off during biometrics submission. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

**NOTE:** If an ASC closes due to weather or other reasons, USCIS will automatically reschedule your appointment for the next available date and time and you will receive a new ASC appointment notice. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your appointment.

You must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to obtain the criminal history records of the Federal Bureau of Investigation (FBI), for identity verification, to determine eligibility, to create immigration documents (for example, Permanent Resident Card, Employment Authorization Document), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined at 28 CFR 16.30-16.34. For more information, please visit: www.fbi.gov/services/cjis/compact-council/guiding-principles-noncriminal-justice-applicants-privacy-rights. For information regarding how the FBI will use your fingerprints, please visit www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

If you cannot attend your scheduled appointment, you may request to reschedule at https://my.uscis.gov/accounts/biometrics/overview or by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). You must make your request before the date and time of the original appointment, and you must establish good cause for rescheduling. If you fail to make a request before your scheduled appointment or fail to establish good cause, and you do not appear at your appointment, USCIS may consider your application, petition, or request abandoned and, as a result, it may be denied. For more information about rescheduling, see https://www.uscis.gov/forms/filing-guidance/preparing-for-your-biometric-services-appointment.

If you cannot leave your home/hospital due to a serious ongoing medical condition, you may request a mobile biometrics appointment by following the instructions on the back of this notice under "Notice for People with Disabilities," or by visiting uscis.gov/accommodationsinfo.

**If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.**

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT E

USCIS Online Chat Records (Sept. 9, 2026; Nov. 6, 2026)

James L

Thank you. Please bare with me while I research your inquiry.

James L • 1:09 PM

Take your time.

Sent • 1:09 PM

We cannot see when an officer has reviewed/touched/last worked on your case or if one has been assigned. This includes what stage of adjudication you're in as well as the status of background and security checks.

Your case is currently pending with the EL PASO FIELD OFFICE and showing your interview has not been waived. Keep in mind this could change. If required, USCIS will mail you a notice informing you of where and when your scheduled interview appointment is. No further updates currently. Please continue to check the case status online as it will update if USCIS needs anything or when a decision is made.

James L • 1:10 PM

Type your message...

Chat

eslamifar.reza@gmail.com

Sent • 9:56 AM

Thank you for that information. How can I help you today?

Nydia G • 10:00 AM

Thank you so much. Could you please confirm that the case was transferred to the El Paso Field Office on 11/10/2025?

Sent • 10:01 AM

EL PASO FIELD OFFICE

11-10-2025

You can get an idea of how long it will take to process your case from the Case Status Processing Times tool available at egov.uscis.gov/processing-times. Enter the Form, Form Category, and Field Office or Service Center, from the drop-downs to see the processing time fram[...] your case. You can then

Start a new chat...

ENG 10:05 AM

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT F

Senator Heinrich Correspondence Forwarding USCIS Response, Eslamifar (Aug. 11, 2026)

MARTIN
UNITED STATES SENATOR for NEW MEXICO
HEINRICH

August 11, 2026

Dear Dr. Eslamifar,

Below please find the response from USCIS regarding the issue you presented to my office. I hope that this information will help address the concerns that you brought to my attention.

*Re: IOE0934042700*

*Thank you for your inquiry, dated July 7, 2026 on behalf of your constituent, GHOLAMREZA NMN ESLAMIFAR, regarding their pending form I-485 Permanent Residence/Adjust Status.*

*As a part of a greater eligibility determination, U.S. Citizenship and Immigration Services (USCIS) conducts background and security checks on applicants and certain petitioners for immigration benefits. These checks are necessary to ensure United States national security and public safety interests. In some cases, the results of these checks require USCIS to perform additional inquiries or consult with other government agencies. When this is necessary, there is often some delay in resolving the checks, and it is difficult to predict when resolution will be completed. Please be assured that this case has not been overlooked. Once all checks are resolved, the application will be adjudicated and your constituent will be notified of the decision.*

*Case status may be monitored online at https://egov.uscis.gov/.*

*We hope this information is helpful. If we may be of further assistance, please let us know.*

*Sincerely,*

*|Congressional Liaison Officer|*

*San Antonio District| USCIS | AZ, NM, So. TX|*

If I may be of service in any other way, please do not hesitate to contact me again. If you have any questions regarding this matter, please contact Juanita De Lira Gabitzsch in my office at (575) 523-6561.

Sincerely,

MARTIN HEINRICH
United States Senator

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT G

Senator Heinrich Correspondence Forwarding USCIS Response, Dehnavi (Sept. 22, 2026)

MARTIN
UNITED STATES SENATOR for NEW MEXICO
HEINRICH

September 22, 2026

Dear Ms. Dehnavi,

Enclosed please find a letter of response from USCIS regarding the issue you presented to my office. I hope that this information will help address the concerns that you brought to my attention.

*Senator Heinrich*

*re: IOE0934042697*

*Thank you for your inquiry, dated August 18, 2026 on behalf of your constituent, MOHADESESADAT DEHNAVI, regarding their pending form I-485 Permanent Residence/Adjust Status.*

*As a part of a greater eligibility determination, U.S. Citizenship and Immigration Services (USCIS) conducts background and security checks on applicants and certain petitioners for immigration benefits. These checks are necessary to ensure United States national security and public safety interests. In some cases, the results of these checks require USCIS to perform additional inquiries or consult with other government agencies. When this is necessary, there is often some delay in resolving the checks, and it is difficult to predict when resolution will be completed. Please be assured that this case has not been overlooked. Once all checks are resolved, the application will be adjudicated and your constituent will be notified of the decision.*

*Case status may be monitored online at https://egov.uscis.gov/.*

*We hope this information is helpful. If we may be of further assistance, please let us know.*

*Sincerely,*

*|Congressional Liaison Officer|*

*San Antonio District| USCIS | AZ, NM, So. TX|*

If I may be of service in any other way, please do not hesitate to contact me again. If you have any questions regarding this matter, please contact Juanita De Lira Gabitzsch in my office at (575) 523-6561.

Sincerely,

MARTIN HEINRICH
United States Senator

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT H

I-485 Expedite Requests (Aug. 7, 2026) and USCIS Contact Center Acknowledgments (44850027, 44850067)

**Re: Request to Expedite Form I-485 (Application to Register Permanent Residence or Adjust Status)**
**Applicant:** Gholamreza Eslamifar
**Receipt Number:** IOE0934042700

Dear USCIS Officer,

I respectfully request that USCIS exercise its discretion to **expedite the adjudication of my pending Form I-485, Application to Register Permanent Residence or Adjust Status, based on urgent humanitarian reasons.** I filed my employment-based adjustment of status application on **October 2, 2025**, and respectfully request expedited adjudication because of compelling humanitarian circumstances involving the serious and progressively deteriorating health of my elderly mother and mother-in-law, both of whom are widowed and in urgent need of family support.

When my family initially sought humanitarian relief, I requested expedited adjudication of my **pending Form I-131** applications so that I could temporarily travel abroad and return to the United States while our adjustment applications remained pending. **However, subsequent changes in the legal framework governing international travel have materially affected the practical effectiveness of Advance Parole as a reliable means of accomplishing that humanitarian purpose.**

Specifically, the **June 7, 2025 CBP Carrier Liaison Program Bulletin** implementing the earlier Presidential Proclamation expressly provided that individuals presenting a valid **Form I-512 Advance Parole document** would be considered outside the scope of the travel restrictions and would be permitted to travel for inspection by CBP. However, the **December 29, 2025 CBP Carrier Liaison Program Bulletin**, issued to implement **Presidential Proclamation 10998** and expressly superseding the earlier guidance, removed that language entirely. Although the current guidance continues to expressly exempt **lawful permanent residents**, it no longer expressly provides the same protection for holders of Form I-512 Advance Parole documents (Appendix A).

I fully recognize that USCIS and CBP administer different statutory authorities and that parole determinations remain discretionary. My request is **not intended to challenge the Presidential Proclamation or CBP's implementation of it.** Rather, I respectfully submit that the superseding guidance has created substantial uncertainty regarding whether expedited approval of Form I-131 would reliably accomplish the humanitarian purpose for which it was requested. Consequently, **expedited adjudication of my pending Form I-485 has become the only immigration benefit capable of reliably enabling me to fulfill my urgent humanitarian responsibilities while ensuring my lawful return to the United States, where my employment, family, and life remain firmly established.**

My request is therefore based on **urgent humanitarian considerations**, not on travel convenience.

My purpose in requesting expedited adjudication is to enable me to visit my elderly mother, **Azam Jahanbakhshzadeh**, and my elderly mother-in-law, **Masoumehsadat Bizeh**, both of whom are

GE

widowed and facing serious health challenges. As their son and son-in-law, my wife and I are deeply concerned about their physical condition, emotional well-being, and the absence of close family members who can provide comfort and assistance during this difficult stage of their lives. As their conditions gradually worsens, I fear losing precious opportunities to spend meaningful time with them while they are still able to enjoy being with her children and grandchildren, including my daughters Z.E. and M.E.

My mother, **Azam Jahanbakhshzadeh**, suffers from **advanced, severe osteoarthritis affecting both knees**. According to her orthopedic surgeon, **there is virtually no remaining joint space in either knee**, resulting in **bone-on-bone contact** that causes constant, severe pain whenever she attempts to stand or walk. As documented in her physician's medical statement, she is **a candidate for bilateral Total Knee Arthroplasty (total knee replacement surgery)** because her condition has progressed beyond the point where conservative treatment can provide meaningful relief.

Her mobility has deteriorated dramatically. Walking even short distances has become extremely painful, and ordinary daily activities such as standing, climbing stairs, preparing meals, shopping, and performing household responsibilities have become overwhelming challenges. The continuous pain and severe physical limitations have significantly reduced her independence, dignity, and overall quality of life.

Following bilateral knee replacement surgery, my mother will face a lengthy and demanding period of rehabilitation. She will require considerable assistance with mobility, transportation, personal care, household responsibilities, and postoperative recovery before she can regain her independence. During this physically and emotionally difficult period, **my presence as her son is critically important.** I hope to help care for her, support her throughout surgery and rehabilitation, assist with daily activities, accompany her to medical appointments when needed, and provide the emotional reassurance that only close family members can offer.

My mother-in-law, **Masoumehsadat Bizeh**, is also elderly, widowed, and suffers from **osteoporosis**, which has progressively affected her mobility and overall health. Because of her age and declining physical condition, she increasingly struggles with daily activities and faces many of the challenges associated with aging alone. Like my mother, she depends greatly on the emotional support, encouragement, and presence of her children during this stage of her life.

Both my mother and mother-in-law have endured the loss of their husbands and now face the physical limitations, loneliness, and emotional hardship that often accompany aging without the daily presence of close family. Living thousands of miles away while knowing that both of them are suffering has been emotionally devastating for my wife and me. They continually express their heartfelt wish to spend meaningful time with us and with their two granddaughters. As their health continues to decline, every opportunity for our family to reunite becomes increasingly precious and uncertain.

Our request is **not for tourism, recreation, or personal convenience.** We seek only the opportunity to fulfill urgent humanitarian family responsibilities by providing care, emotional support, companionship, and practical assistance to two elderly widowed mothers whose health has significantly deteriorated. In particular, my mother's severe orthopedic condition and

GE

anticipated bilateral knee replacement surgery create an urgent humanitarian need for my presence throughout her surgery and recovery.

I have enclosed supporting documentation, including my mother's orthopedic surgeon's statement confirming her severe bilateral knee osteoarthritis and recommendation for bilateral total knee replacement surgery, medical records documenting both mothers' health conditions, evidence of our family relationships, and additional supporting materials. I have also included copies of the relevant CBP Carrier Liaison Program Bulletins to explain why expedited adjudication of my pending Form I-485 has become the only reliable means of accomplishing the humanitarian purpose underlying this request.

For these reasons, I respectfully request that USCIS **exercise its discretion to expedite the adjudication of my pending Form I-485 based on urgent humanitarian reasons.** Approval of my adjustment application would allow me to travel to care for my elderly mother and mother-in-law during this critical period while returning to the United States as a lawful permanent resident, a status expressly recognized under the current CBP implementation guidance.

Thank you for your time, compassion, and careful consideration of this request. I greatly appreciate your service and your thoughtful review of my request.

Respectfully,

**Gholamreza Eslamifar** Eslamifar

**08/07/2026**

Gmail uscis

Compose

Inbox
Starred
Snoozed
Important
Sent
Drafts
Purchases
**Social** 49
Updates
Forums
**Promotions** 2,045
More

Labels

Personal
More

## Update on Inquiry 44850027

Inbox ×

**USCIS No Reply** <no-reply@uscis.dhs.gov>
to me

Dear GHOLAMREZA,

This email is to confirm the USCIS Contact Center received your inquiry. This inquiry is regarding:

Contact Name: GHOLAMREZA
Service Item Number: 44850027
Inquiry Issue: Expedites
Receipt Number: a07SJ000011jMQ0YAM
Email for Contact: eslamifar.reza@gmail.com
Phone Number to Contact:
Inquiry Received Date: 8/7/2026 6:46 PM

The USCIS Contact Center has a response time goal of 10 days based on your Issue. There is no need to contact us again regarding thi as we are able.

You may receive a response by email, or we may need to call you for additional information.

If you would like more information about how we respond to your inquiry, have general questions, and would like to access our online too page, www.uscis.gov/contactcenter.

Reply Forward

**Re: Request to Expedite Form I-485 (Application to Register Permanent Residence or Adjust Status)**
**Applicant:** Mohadesesadat Dehnavi
**Receipt Number:** IOE0934042697

Dear USCIS Officer,

I respectfully request that USCIS exercise its discretion to **expedite the adjudication of my pending Form I-485, Application to Register Permanent Residence or Adjust Status, based on urgent humanitarian reasons.** I filed my employment-based adjustment of status application on **October 2, 2025**, and respectfully request expedited adjudication because of compelling humanitarian circumstances involving my elderly mother and mother-in-law, both of whom are widowed and experiencing declining health during this critical stage of their lives.

When my family initially sought humanitarian relief, I requested expedited adjudication of my **pending Form I-131** applications so that I could temporarily travel abroad and return to the United States while our adjustment of status applications remained pending. **However, subsequent changes in the legal framework governing international travel have materially affected the practical effectiveness of Advance Parole as a reliable means of accomplishing that humanitarian purpose.**

Specifically, the **June 7, 2025 CBP Carrier Liaison Program Bulletin** implementing the earlier Presidential Proclamation expressly provided that individuals presenting a valid **Form I-512 Advance Parole document** would be considered outside the scope of the travel restrictions and would be permitted to travel for inspection by U.S. Customs and Border Protection. However, the **December 29, 2025 CBP Carrier Liaison Program Bulletin**, issued to implement **Presidential Proclamation 10998** and expressly superseding the earlier guidance, removed that language. Although the current guidance continues to expressly exempt **lawful permanent residents**, it no longer expressly provides the same protection for holders of Form I-512 Advance Parole documents (Appendix A).

I fully understand that USCIS and CBP administer different statutory authorities and that parole determinations remain discretionary. **This request is not intended to challenge the Presidential Proclamation or CBP's implementation of it.** Rather, I respectfully submit that the superseding guidance has created substantial uncertainty regarding whether expedited approval of Form I-131 would reliably accomplish the humanitarian purpose for which it was originally requested. Consequently, **expedited adjudication of my pending Form I-485 has become the only immigration benefit capable of reliably enabling me to fulfill my urgent humanitarian responsibilities while ensuring my lawful return to the United States, where my family, home, and life remain firmly established.**

My request is therefore based on **urgent humanitarian considerations**, not on travel convenience.

My mother, **Masoumehsadat Bizeh**, and my mother-in-law, **Azam Jahanbakhshzadeh**, are both widowed and in poor health. As their daughter and daughter-in-law, I have experienced

MD

tremendous emotional hardship from being unable to visit them while they continue to age without the support of their immediate family.

My mother, **Masoumehsadat Bizeh**, suffers from **osteoporosis**, a progressive condition that has significantly reduced her mobility and quality of life. Because of her advanced age, treatment options are limited, and access to appropriate medication and specialized medical care where she resides is often difficult. While I understand that I cannot cure her medical condition, **my physical presence is invaluable** in helping care for her, assisting with daily activities, providing emotional comfort, and supporting important family decisions regarding her well-being. As her condition gradually worsens, I fear losing precious opportunities to spend meaningful time with her while she is still able to enjoy being with her children and grandchildren, including my daughters Z.E. and M.E.

My mother-in-law, **Azam Jahanbakhshzadeh**, also suffers from **advanced, severe osteoarthritis affecting both knees**. According to her orthopedic surgeon, **there is virtually no remaining joint space in either knee**, resulting in **bone-on-bone contact** that causes constant and severe pain whenever she attempts to stand or walk. Her physician has determined that she requires **bilateral total knee replacement surgery**, followed by an extended period of rehabilitation and recovery during which she will require substantial assistance with daily activities, mobility, transportation, and emotional support. As her daughter-in-law, I hope to be present to support both her physical recovery and her emotional well-being during this particularly difficult period.

Both women have endured the loss of their husbands and now live without the companionship, comfort, and daily support that spouses often provide. Their strongest wish is to spend meaningful time with us and with their grandchildren, including our two daughters. As a mother myself, I deeply understand the importance of preserving family bonds across generations. The continuing inability to visit them has caused significant emotional pain for our entire family, especially for our daughters, who have been unable to build meaningful memories with their grandmothers during these important years.

Every passing month brings increasing uncertainty. Advancing age, declining health, and the progression of my mother-in-law's orthopedic condition mean that future opportunities for our family to reunite cannot be taken for granted. The opportunity to provide comfort, companionship, and emotional support while they are still able to benefit from our presence is something that cannot be postponed indefinitely.

Our request is **not for tourism, recreation, or personal convenience**. We seek only the opportunity to fulfill urgent humanitarian family responsibilities by providing emotional support, companionship, and assistance to two elderly widowed mothers whose health continues to deteriorate. Their greatest wish is to spend meaningful time with their children and grandchildren while their health still allows them to do so.

I have enclosed supporting documentation, including medical records documenting both mothers' health conditions, my mother-in-law's orthopedic surgeon's statement confirming her severe bilateral knee osteoarthritis and need for bilateral total knee replacement surgery, evidence of our family relationships, and additional supporting materials. I have also included copies of the relevant CBP Carrier Liaison Program Bulletins to explain why expedited adjudication of my

MD

pending Form I-485 has become the only reliable means of accomplishing the humanitarian purpose underlying this request.

For these reasons, I respectfully request that USCIS **exercise its discretion to expedite the adjudication of my pending Form I-485 based on urgent humanitarian reasons.** Approval of my adjustment application would allow me to travel to care for my elderly mother and mother-in-law during this critical period while returning to the United States as a lawful permanent resident, a status expressly recognized under the current CBP implementation guidance.

Thank you very much for your time, compassion, and thoughtful consideration of my request. I sincerely appreciate your service and careful review of my application.

Respectfully,

**Mohadesesadat Dehnavi**

**08/07/2026**

Gmail uscis

Compose

Inbox 1,602
Starred
Snoozed
Sent
Drafts
Purchases 89
More

Labels

Notes

## Update on Inquiry 44850067 Inbox ×

**USCIS No Reply** <no-reply@uscis.dhs.gov>
to me

Dear MOHADESESADAT,

This email is to confirm the USCIS Contact Center received your inquiry. This inquiry is regarding:

Contact Name: MOHADESESADAT
Service Item Number: 44850067
Inquiry Issue: Expedites
Receipt Number: a07SJ0000123kzTYAQ
Email for Contact: msdehnavi4112@gmail.com
Phone Number to Contact:
Inquiry Received Date: 8/7/2026 6:49 PM

The USCIS Contact Center has a response time goal of 10 days based on your Issue. There is no need to contact us again regarding thi as we are able.

You may receive a response by email, or we may need to call you for additional information.

If you would like more information about how we respond to your inquiry, have general questions, and would like to access our online too page, www.uscis.gov/contactcenter.

Reply Forward

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT I

Senator Heinrich Expedite Submission, Eslamifar, and Letter Forwarding USCIS Response (Oct. 26, 2026)

Gmail

rayyana

Compose

Inbox
Starred
Snoozed
Important
Sent
**Drafts** 1
Purchases
**Social** 49
Updates
Forums
**Promotions** 2,051
More

Labels

Personal
More

Thank you. I will be in contact with the correct person to assist you. You will receive a confirmation email when inquiry is sent in.

**Reza Eslamifar** <eslamifar.reza@gmail.com>
to Rayanna

Thank you so much, waiting to hear from you.

Best,
Reza

**One attachment** • Scanned by Gmail    Add to Drive



**Gracia, Rayanna (Heinrich)** <Rayanna_Gracia@heinrich.senate.gov>
to Juanita, me

Hello Reza,

I submitted an expedite on your behalf. I will update you when I receive a response and I will also add Juanita to the email so she can ke

**Reza Eslamifar**
Thank you so much, Rayanna. Appreciate it. Best,Reza

Reply    Forward

MARTIN HEINRICH
NEW MEXICO

(202) 224-5521
(202) 228-2841 FAX
Heinrich.Senate.Gov

United States Senate
WASHINGTON, DC 20510

COMMITTEES:
APPROPRIATIONS
ENERGY AND NATURAL RESOURCES
INTELLIGENCE
JOINT ECONOMIC

October 26, 2026

Dr. And Mr Gholamreza Eslamifar
2367 Saturn Circle
Las Cruces, NM 88012-7727

Dear Dr. Eslamifar,

Below you will find the response to our office's inquiry to USCIS.

Agency Response:

Thank you for your inquiry regarding a request for expedited processing of the Form I-485, Application to Register Permanent Residence or Adjust Status (receipt # IOE0934042700), on behalf of your constituent, Gholamreza Eslamifar.

In the interest of fairness to all of our petitioners and applicants, and absent any compelling urgent circumstances, USCIS generally processes petitions and applications in the order they are received. Requests for expedited service are reviewed on a case-by-case basis and may only be granted at the discretion of the office director or higher. The burden is on the applicant to demonstrate that one or more of the expedite criteria have been met. The criteria are as follows:

Severe financial loss to a company or person, provided that the need for urgent action is not the result of the petitioner's or applicant's failure to:

File the benefit request or the expedite request in a reasonable time frame, or

Respond to any requests for additional evidence in a reasonably timely manner;

Urgent humanitarian reasons;

Compelling U.S. government interests (such as urgent cases for the Department of Defense or DHS, or other public safety or national security interests); or

Clear USCIS error.

This information is available on the USCIS website at www.uscis.gov/forms/how-make-expedite-request.

USCIS has reviewed your constituent's request and determined that it does not meet the criteria for consideration of expedited processing.

We hope this information is helpful. If we may be of further assistance, please let us know..

If I may be of service in any other way, please do not hesitate to contact me again. If you have any questions regarding this matter, please contact Rayanna Gracia in my office at 505-346-6601.

Sincerely,

MARTIN HEINRICH
United States Senator

MH/rg

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. _______________ (____/____)

# EXHIBIT J

Form I-765 and I-131 Receipt Notices; Expedite Records for Ancillary Applications; Congressional Submission, Dehnavi (Oct. 20, 2026)

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>October 06, 2025 |
| CASE TYPE<br>I-765, Application for Employment Authorization | | USCIS ALIEN NUMBER<br>A233373591 |
| RECEIPT NUMBER<br>IOE0934042701 | RECEIVED DATE<br>October 02, 2025 | PAGE<br>1 of 1 |
| | | [redacted] |

GHOLAMREZA ESLAMIFAR
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES, NM 88011

25 00008239

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $260.00 |
| **Total Amount Received:** | $260.00 |
| **Total Balance Due:** | $0.00 |

**Eligibility Category: C09**

We have received your form and are currently processing it. We will notify you separately about any other form you filed. If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment. If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

If you filed to renew your Employment Authorization Document (EAD) under category A03, A05, A07, A08, A10, A12, A17, A18, C08, C09, C10, C16, C19, C20, C22, C24, C26, or C31, you may be eligible for an automatic extension of your EAD. Full details and an eligibility calculator are at uscis.gov/eadautoextend.
You qualify for an automatic extension if: (1) the category on your current EAD matches the "Class Requested" listed on this notice, * and (2) the "Received Date" on this notice is before the "Card Expires" date on your EAD.
If you are eligible for an automatic extension of your EAD, you can show this notice with your expired EAD to your employer for employment eligibility verification (Form I-9) purposes. The automatic extension is for up to 540 days* from the expiration date printed on the front of your EAD. If we deny your renewal application, the automatic extension ends immediately, and you can no longer use this notice for Form I-9 purposes. If your EAD is also your Advance Parole document, the automatic extension does not apply to Advance Parole. This notice, by itself, does not grant any immigration status or benefit, nor is it evidence that this application is still pending.
*If you filed under the A12 or C19 classifications, you qualify for an automatic extension of the shorter of one year or the duration of your Temporary Protected status (TPS), and if: (1) this notice and your expired EAD contain either A12 or C19 (they do not need to match); and (2) you filed your renewal Form I-765 during the TPS re-registration period indicated in the applicable Federal Register notice for your country found at uscis.gov/humanitarian/temporary-protected-status.

If we have approved or are still processing your underlying Form I-140 and your Form I-485 has been pending for at least 180 days, you may request to change employers under INA 204(j). For more information on this process, please visit uscis.gov/i-485supj.

Based on your responses in Part 2 on the Form I-765, you have consented to the disclosure of your information to the Social Security Administration (SSA). If USCIS approves your application for employment authorization, USCIS will electronically transmit the data to SSA and the SSA may assign you a Social Security Number (SSN) and issue a card.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-797C, Notice of Action

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>October 06, 2025 |
| CASE TYPE<br>I-131, Application for Travel Document | | USCIS ALIEN NUMBER<br>A233373591 |
| RECEIPT NUMBER<br>IOE0934042702 | RECEIVED DATE<br>October 02, 2025 | PAGE<br>1 of 1 |
| | | DATE OF BIRTH<br>[redacted] |

GHOLAMREZA ESLAMIFAR
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES, NM 88011 25 00008240

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $630.00 |
| **Total Amount Received:** | $630.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.**

Form I-797C 10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| | | |
|---|---|---|
| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>October 06, 2025 |
| CASE TYPE<br>I-765, Application for Employment Authorization | | USCIS ALIEN NUMBER |
| RECEIPT NUMBER<br>IOE0934042698 | RECEIVED DATE<br>October 02, 2025 | PAGE<br>1 of 1 |
| | | DATE OF BIRTH<br>[redacted] |

MOHADESESADAT DEHNAVI
2800 N ROADRUNNER PKWY APT 1102
LAS CRUCES, NM 88011

25 00008243

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $260.00 |
| **Total Amount Received:** | $260.00 |
| **Total Balance Due:** | $0.00 |

**Eligibility Category: C09**

We have received your form and are currently processing it. We will notify you separately about any other form you filed. If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment. If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

If you filed to renew your Employment Authorization Document (EAD) under category A03, A05, A07, A08, A10, A12, A17, A18, C08, C09, C10, C16, C19, C20, C22, C24, C26, or C31, you may be eligible for an automatic extension of your EAD. Full details and an eligibility calculator are at uscis.gov/cadautoextend.
You qualify for an automatic extension if: (1) the category on your current EAD matches the "Class Requested" listed on this notice, * and (2) the "Received Date" on this notice is before the "Card Expires" date on your EAD.
If you are eligible for an automatic extension of your EAD, you can show this notice with your expired EAD to your employer for employment eligibility verification (Form I-9) purposes. The automatic extension is for up to 540 days* from the expiration date printed on the front of your EAD. If we deny your renewal application, the automatic extension ends immediately, and you can no longer use this notice for Form I-9 purposes. If your EAD is also your Advance Parole document, the automatic extension does not apply to Advance Parole. This notice, by itself, does not grant any immigration status or benefit, nor is it evidence that this application is still pending.
*If you filed under the A12 or C19 classifications, you qualify for an automatic extension of the shorter of one year or the duration of your Temporary Protected status (TPS), and if: (1) this notice and your expired EAD contain either A12 or C19 (they do not need to match); and (2) you filed your renewal Form I-765 during the TPS re-registration period indicated in the applicable Federal Register notice for your country found at uscis.gov/humanitarian/temporary-protected-status.

If we have approved or are still processing your underlying Form I-140 and your Form I-485 has been pending for at least 180 days, you may request to change employers under INA 204(j). For more information on this process, please visit uscis.gov/i-485supj

Based on your responses in Part 2 on the Form I-765, you have consented to the disclosure of your information to the Social Security Administration (SSA). If USCIS approves your application for employment authorization, USCIS will electronically transmit the data to SSA and the SSA may assign you a Social Security Number (SSN) and issue a card.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

**If this is an interview or biometrics appointment notice, please see the back of this notice for important information.** Form I-797C 10/13/21

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| NOTICE TYPE | | NOTICE DATE |
|---|---|---|
| Receipt | | October 06, 2025 |
| CASE TYPE | | USCIS ALIEN NUMBER |
| I-131, Application for Travel Document | | |
| RECEIPT NUMBER | RECEIVED DATE | PAGE |
| IOE0934042699 | October 02, 2025 | 1 of 1 |
| | | DATE OF BIRTH [redacted] |

MOHADESESADAT DEHNAVI
2800 N ROADRUNNER PKWY APT 1102 25 00008242
LAS CRUCES, NM 88011

NAME AND MAILING ADDRESS

**PAYMENT INFORMATION:**

| | |
|---|---|
| **Application/Petition Fee:** | $630.00 |
| **Total Amount Received:** | $630.00 |
| **Total Balance Due:** | $0.00 |

We have received your form and are currently processing the above case. If this notice contains a priority date, this priority does not reflect earlier retained priority dates. We will notify you separately about any other case you filed.

If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment.

If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

**USCIS Office Address:**
USCIS
National Benefits Center
P.O. Box 648003
Lee's Summit, MO 64002

**USCIS Contact Center Number:**
(800)375-5283

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C 10/13/21

Gmail uscis

Compose

Inbox 1,603
Starred
Snoozed
Sent
Drafts
Purchases 89
More

Labels

Notes

## Your recent inquiry

Inbox ×

**USCIS** <USCIS-CaseStatus@dhs.gov>
to me

U.S. Department of Homeland Security
USCIS National Benefits Center
P.O. Box 648005
Lee's Summit, MO 64002

U.S. Citizenship and Immigration Services Monday, July 20, 2026

Dear MOHADESESADAT DEHNAVI:

On 07/17/2026, you or the designated representative shown below, contacted us about your case. Some of the key information given to

Caller indicated they are:
-- Applicant or Petitioner

Case type:
-- I765

Referral ID:
-- OVP1982601225MSC

Type of service requested:
-- Expedite

The status of this service request is:

We received your request to expedite the decision on your application. We have carefully weighed the urgency and merit of your expedit
application out of date order and grant expedited processing.

If your receipt number begins with IOE, please consider activating your USCIS online account at https://myaccount.uscis.gov. You can us
to access every notice we send you. You can also send messages and receive answers through a secure inbox.

Reply Forward

< Back to inbox (/secure-
[redacted]

## MOHADESESADAT DEHNAVI, I want to request expedited processing on my case

**Form:** I-131

**Receipt number:** IOE0934042699

**ZIP code:** 88012

**Phone number:** (650) 629-6180

**Text messages:** Yes

**Service item:** 44480916

Immigration Services Officer
July 17, 2026
(/secure-messaging/applicant/inquiries)

Dear MOHADESESADAT DEHANVI,

Thank you for your inquiry dated July 14, 2026.

We have determined that your situation and evidence meets the minimum criteria for your expedite request to be forwarded to the office with jurisdiction over your case. **Please Note:** This does not mean your case will be expedited, as that decision will be made by the reviewing office. As such, the reviewing office may request additional documentation to support expedited processing. Also, if your documentation is in any language other than English, it must be accompanied by a Certified English Translation.

The referral ID for this inquiry is **OVP1982601202NSC**. The **Nebraska Service Center** will contact you concerning your case once they have reviewed your inquiry. Please allow the USCIS office 30 days to contact you through email.

‹ Back to inbox (/secure-
[redacted]

Z.E.

# I want to request expedited processing on my case

**Form:** I-131

**Receipt number:** IOE0934042696

**ZIP code:** 88012

**Phone number:** (650) 629-6179

**Text messages:** Yes

**Service item:** 44535909

Immigration Services Officer
July 21, 2026
(/secure-messaging/applicant/inquiries)

Dear Z.E.

Thank you for your inquiry dated July 17, 2026.

We have determined that your situation and evidence meets the minimum criteria for your expedite request to be forwarded to the office with jurisdiction over your case. **Please Note:** This does not mean your case will be expedited, as that decision will be made by the reviewing office. As such, the reviewing office may request additional documentation to support expedited processing. Also, if your documentation is in any language other than English, it must be accompanied by a Certified English Translation.

The referral ID for this inquiry is **OVP2022600486NSC**. The Nebraska Service Center will contact you concerning your case once they have reviewed your inquiry. Please allow the USCIS office 30 days to contact you through email.

Gmail juanita

Compose

**Inbox** 1,604
Starred
Snoozed
Sent
Drafts
**Purchases** 89
More

Labels

Notes

RE: Expedite request Inbox ×

Summarise this email

**De Lira Gabitzsch, Juanita (Heinrich)**
to me, Rayanna

Thank you, your inquiry has been submitted. Please allow 30 days for USCIS to respond.

**From:** Mohadese Dehnavi <msdehnavi4112@gmail.com>
**Sent:** Tuesday, October 20, 2026 12:13 PM
**To:** De Lira Gabitzsch, Juanita (Heinrich) <Juanita_deLiraGabitzsch@heinrich.senate.gov>
**Cc:** Gracia, Rayanna (Heinrich) <Rayanna_Gracia@heinrich.senate.gov>
**Subject:** Expedite request

Good afternoon Juanita,

Thanks for your kind support. Following our previous call, I ask you to please submit an I-485 **expedite request** for me, Mohadesesadat

Attached, please find all documents, including the request letter and other supporting documents, for my expedite request submitted to tl pending without any response. Please proceed with submitting the expedite request from your end as an "urgent humanitarian situation".

I have also attached the required privacy release form.

Best,
Mohadese

Thank you for your response. | Thank you for your assistance. | Thank you for the update.

Reply | Reply to all | Forward

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. _____________ (____/____)

# EXHIBIT K

Orthopedic Statement for Azam Jahanbakhshzadeh (July 18, 2026) with Certified English Translation (July 20, 2026)

دکتر محمود جبل عاملی

متخصص ارتوپدی

فلوشیپ جراحی زانو و آرتروسکوپی

استاد دانشگاه علوم پزشکی ایران

نظام پزشکی: ۱۷۶۰۶

**M.JABALAMELI M.D.**

Orthopaedic surgeon


تاریخ: [illegible]

نام بیمار: ..............................

خانم اعظم جهانبخش

که دچار آرتروز شدید هر دو زانو میباشند احتیاج به عمل جراحی

تعویض مفصل هر دو زانو Total Knee Arthroplasty

است

دکتر محمود جبل عاملی ن.پ ۱۷۶۰۶
متخصص ارتوپدی فلوشیپ جراحی زانو و آرتروسکوپی


آدرس: خیابان سهروردی شمالی، خیابان هویزه غربی (تکش)، پلاک ۱۱۷

تلفن: ۸۸ ۷۵ ۸۸ ۸۴

بیمارستان کسری میدان آرژانتین

خیابان الوند

تلفن: ۹-۱۱ ۷۶ ۷۹ ۸۸

**Medical Statement (English Translation)**

**Patient: Ms. Azam Jahanbakhzadeh**

This is to certify that **Ms. Azam Jahanbakhzadeh** has **severe osteoarthritis involving both knees** and **is a candidate for bilateral Total Knee Arthroplasty (total knee replacement surgery).**

**Physician:**

**M. Jabalameli, M.D.**
Orthopaedic Surgeon

**Date:** July 18, 2026 (Iranian Calendar: 1405/04/27 )

I, Hamid Balali , certify that I am fluent (conversant) in English and Persian languages, and competent to translate from Persian into English, and that the above document is an accurate and complete translation of the document attached, entitled

Signature Balali ------------------------

Date: 07/20/2026 Typed Name Hamid Balali

Address: 3245 E University Ave , Las Cruces NM 88011
Apt. 1812

Eslamifar, et al. v. U.S. Citizenship and Immigration Services, et al.
Civ. No. ______________ (____/____)

# EXHIBIT L

Bone Densitometry Reports for Masoumehsadat Bizeh (Feb. 6, 2022; May 10, 2026)

# Vala Bone Densitometry Center

**Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.**
**Tehran, Iran**

Phone: +98-21-26653587 E-mail: valabmd@gmail.com Fax: +98-21-26653584


## Bone Density Report

| | | | | | |
|---|---|---|---|---|---|
| Name: | Bize, Masoume sadat | Sex: | Female | Age: | 66 |
| Patient ID: | 0045374491 | Ethnicity: | Caucasian | Height: | 154.0 cm |
| Referring Provider: | Dr.Zabihi | Date of Birth: | [redacted] | Weight: | 53.0 kg |

**Indication:** postmenopausal; screening for osteoporosis;

**Bone Density:** Exam date 02/06/2022

| Region | BMD (g/cm$^2$) | T-score | Z-score | Classification |
|---|---|---|---|---|
| AP Spine(L1-L4) | 0.775 | -2.5 | -0.6 | Osteoporosis |
| Femoral Neck(Left) | 0.577 | -2.4 | -0.8 | Osteopenia |
| Total Hip(Left) | 0.717 | -1.8 | -0.5 | Osteopenia |
| Total Forearm(Left) | 0.443 | -2.5 | -0.8 | |
| 1/3 Forearm(Left) | 0.522 | -2.9 | -1.1 | osteoprosi— |
| UD Forearm(Left) | 0.335 | -1.9 | -0.6 | |

**Impression:** The patient has osteoporosis, based on the Total Spine T-score.

**Discussion:** INCREASED RISK OF FRACTURE. BONE DENSITY IS UNDESIRABLY LOW AT ONE OR MORE SKELETAL SITES, CONSISTENT WITH POSTMENOPAUSAL OSTEOPOROSIS.
This patient's lowest T-score meets the World Health Organization's (WHO) criteria for osteoporosis at one or more sites (T-score -2.5 or below).
In untreated patients, the risk of osteoporotic fracture increases approximately two-fold for each 1.0 SD decrease in T-score. Low bone density is not the only risk factor for fracture; also consider factors such as patient's age, frailty or poor health, risk of falling, risk of injury, previous osteoporotic fracture, family history of osteoporosis, cigarette smoking, low body weight, etc.
Not everyone with low bone mineral density has osteoporosis; osteomalacia and other metabolic bone disorders should also be considered. Patients who have osteoporosis should be evaluated for specific diseases and conditions (secondary causes) that may cause or contribute to bone loss.
The American Association of Clinical Endocrinologists (AACE) and National Osteoporosis Foundation (NOF) recommend pharmacologic intervention for all postmenopausal women whose T-score is in this range. The patient should follow a healthful lifestyle (good nutrition with adequate calcium and vitamin D, and appropriate weight-bearing exercise).

**Follow-Up:** Consider a repeat BMD and Vertebral Fracture Assessment (VFA) exam in 2 years or sooner if medically necessary, to reassess this patient's status.

**Reported by:** Mozhdeh Zabihi Yeganeh, MD , Rheumatologist on 02/06/2022 3:06:00 PM.

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran

Telephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

| | | |
|---|---|---|
| Name: Bize, Masoume sadat | Sex: Female | Height: 154.0 cm |
| Patient ID: 0045374491 | Ethnicity: Caucasian | Weight: 53.0 kg |
| DO[redacted] | Menopause Age: 53 | Age: 66 |

Referring Physician: Dr.Zabihi




Image not for diagnostic use
190 x 81

## Scan Information:

Scan Date: 06 February 2022 ID: A0206220A
Scan Type: a L.Forearm
Analysis: 06 February 2022 15:06 Version 13.6.0.7
Left Forearm
Operator: S.H
Model: Horizon Wi (S/N 301656M)
Comment:

## DXA Results Summary:

| Radius | Area (cm²) | BMC (g) | BMD (g/cm²) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| UD | 3.51 | 1.18 | 0.335 | -1.9 | 76 | -0.6 | 91 |
| MID | 4.80 | 2.29 | 0.477 | -2.4 | 78 | -0.6 | 93 |
| **1/3** | **2.78** | **1.45** | **0.522** | **-2.9** | **75** | **-1.1** | **89** |
| Total | 11.10 | 4.92 | 0.443 | -2.5 | 77 | -0.8 | 91 |

Total BMD CV 1.0%
WHO Classification: Osteoporosis
Fracture Risk: High

**1/3 (Radius)**




T-score vs. White Female. Source:2012 BMDCS/Hologic Z-score vs. White Female. Source:2012 BMDCS/Hologic

## Comment:

HOLOGIC®

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran

Telephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

| | | |
|---|---|---|
| Name: Bize, Masoume sadat | Sex: Female | Height: 154.0 cm |
| Patient ID: 0045374491 | Ethnicity: Caucasian | Weight: 53.0 kg |
| DO[redacted] | Menopause Age: 53 | Age: 66 |

Referring Physician: Dr.Zabihi




Image not for diagnostic use
116 x 134

## Scan Information:

Scan Date: 06 February 2022 ID: A02062208
Scan Type: f Lumbar Spine
Analysis: 06 February 2022 15:01 Version 13.6.0.7
Spine
Operator: S.H
Model: Horizon Wi (S/N 301656M)
Comment:

## DXA Results Summary:

| Region | Area ($cm^2$) | BMC (g) | BMD ($g/cm^2$) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| L1 | 13.21 | 10.15 | 0.768 | -2.0 | 78 | -0.3 | 95 |
| L2 | 14.65 | 11.52 | 0.786 | -2.2 | 76 | -0.3 | 95 |
| L3 | 15.47 | 11.09 | 0.717 | -3.3 | 66 | -1.4 | 83 |
| L4 | 19.77 | 16.15 | 0.817 | -2.2 | 77 | -0.2 | 97 |
| **Total** | **63.11** | **48.91** | **0.775** | **-2.5** | **74** | **-0.6** | **92** |

Total BMD CV 1.0%
WHO Classification: Osteoporosis
Fracture Risk: High

**Total**




**Comment:**

T-score vs. White Female Source:2012 BMDCS/Hologic Z-score vs. White Female Source:2012 BMDCS/Hologic

HOLOGIC

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran

Telephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

| | | |
|---|---|---|
| Name: Bize, Masoume sadat | Sex: Female | Height: 154.0 cm |
| Patient ID: 0045374491 | Ethnicity: Caucasian | Weight: 53.0 kg |
| DO[redacted] | Menopause Age: 53 | Age: 66 |

Referring Physician: Dr.Zabihi



Image not for diagnostic use
101 x 106
NECK: 49 x 15
HAL: 100 mm

**Scan Information:**

Scan Date: 06 February 2022 ID: A02062209
Scan Type: f Left Hip
Analysis: 06 February 2022 15:04 Version 13.6.0.7
Hip
Operator: S.H
Model: Horizon Wi (S/N 301656M)
Comment:

**DXA Results Summary:**

| Region | Area (cm²) | BMC (g) | BMD (g/cm²) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| **Neck** | **4.66** | **2.69** | **0.577** | **-2.4** | **68** | **-0.8** | **86** |
| Troch | 10.88 | 5.26 | 0.484 | -2.2 | 69 | -1.0 | 83 |
| Inter | 20.10 | 17.60 | 0.876 | -1.4 | 80 | -0.4 | 94 |
| Total | 35.64 | 25.55 | 0.717 | -1.8 | 76 | -0.5 | 92 |
| Ward's | 1.07 | 0.41 | 0.382 | -3.0 | 52 | -0.6 | 84 |

Total BMD CV 1.0%
WHO Classification: Osteopenia

**Neck**




**10-year Fracture Risk**

**FRAX not reported because:**

Some T-score for Spine Total or Hip Total or Femoral Neck at or below -2.5

**Comment:**

T-score vs. White Female. Source:2012 BMDCS/NHANES White Female. Z-score vs. White Female. Source:2012 BMDCS/NHANES White Female.

HOLOGIC®

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran
Phone: +98-21-26653587 E-mail: valabmd@gmail.com Fax: +98-21-26653584

## Bone Density Report

| | | | | | |
|---|---|---|---|---|---|
| Name: | Bize, Masoume sadat | Sex: | Female | Age: | 71 |
| Patient ID: | 0045374491 | Ethnicity: | Caucasian | Height: | 154.0 cm |
| Referring Provider: | Dr.Zabihi | Date of Birth: | [redacted] | Weight: | 53.0 kg |

**Indication:** postmenopausal osteoporosis;

**Bone Density:** Exam date 05/10/2026

| Region | BMD ($g/cm^2$) | T-score | Z-score | Classification |
|---|---|---|---|---|
| AP Spine(L1-L4) | 0.825 | -2.0 | 0.2 | Osteopenia |
| Femoral Neck(Left) | 0.558 | -2.6 | -0.8 | Osteoporosis |
| Total Hip(Left) | 0.735 | -1.7 | -0.1 | Osteopenia |
| Total Forearm(Left) | 0.424 | -2.9 | -0.8 | Osteoporosis |
| 1/3 Forearm(Left) | 0.497 | -3.3 | -1.1 | Osteoporosis |
| UD Forearm(Left) | 0.321 | -2.1 | -0.5 | Osteopenia |

**Previous Exams:**

| Region | Exam Date | Age | BMD ($g/cm^2$) | T-score | BMD Change vs. Baseline | BMD Change vs. Previous |
|---|---|---|---|---|---|---|
| AP Spine (L1-L4) | 10/05/2026 | 71 | 0.825 | -2.0 | 6.5%* | 6.5%* |
| | 06/02/2022 | 66 | 0.775 | -2.5 | | |
| Total Hip(Left) | 10/05/2026 | 71 | 0.735 | -1.7 | 2.6% | 2.6% |
| | 06/02/2022 | 66 | 0.717 | -1.8 | | |
| Femoral Neck(Left) | 10/05/2026 | 71 | 0.558 | -2.6 | -3.3% | -3.3% |
| | 06/02/2022 | 66 | 0.577 | -2.4 | | |
| 1/3 Forearm (Left) | 10/05/2026 | 71 | 0.497 | -3.3 | -4.6%* | -4.6%* |
| | 06/02/2022 | 66 | 0.522 | -2.9 | | |

**Impression:** The patient has osteoporosis, based on the Left Femoral Neck T-score. No significant bone loss was observed.

**Reported by:** DR.MOZHDEH ZABIHI YEGANEH,MD on 05/10/2026 6:20:00 PM.

مرکز تراکم استخوان والا
دکتر مژده ذبیحی روماتولوژیست
ن. پ. ۶۱۹۷۴

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran
elephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

| | | |
|---|---|---|
| Name: Bize, Masoume sadat | Sex: Female | Height: 154.0 cm |
| Patient ID: 0045374491 | Ethnicity: Caucasian | Weight: 53.0 kg |
| DOB: [redacted] | Menopause Age: 53 | Age: 71 |

Referring Physician: Dr.Zabihi



Image not for diagnostic use
103 x 111
NECK: 49 x 15
HAL: 101 mm

## Scan Information:

Scan Date: 10 May 2026 ID: A0510260Y
Scan Type: f Left Hip
Analysis: 10 May 2026 18:17 Version 13.6.0.5
Hip
Operator:
Model: Horizon Wi (S/N 301656M)
Comment:

## DXA Results Summary:

| Region | Area (cm²) | BMC (g) | BMD (g/cm²) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| **Neck** | **4.77** | **2.66** | **0.558** | **-2.6** | **66** | **-0.8** | **87** |
| Total | 38.65 | 28.42 | 0.735 | -1.7 | 78 | -0.1 | 98 |

Total BMD CV 1.0%
WHO Classification: Osteoporosis

Neck




## 10-year Fracture Risk

**FRAX not reported because:**

Some T-score for Spine Total or Hip Total or Femoral Neck at or below -2.5

## Comment:

score vs. White Female, Source:2012 BMDCS/NHANES White Female. Z-score vs. White
male. Source:2012 BMDCS/NHANES White Female.

HOLOGIC

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran

elephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

Name: Bize, Masoume sadat
Patient ID: 0045374491
DOB: [redacted]

Sex: Female
Ethnicity: Caucasian
Menopause Age: 53

Height: 154.0 cm
Weight: 53.0 kg
Age: 71

Referring Physician: Dr.Zabihi




Image not for diagnostic use
193 x 81

**Scan Information:**

Scan Date: 10 May 2026 ID: A05102607
Scan Type: a L.Forearm
Analysis: 10 May 2026 18:20 Version 13.6.0.5
Left Forearm
Operator:
Model: Horizon Wi (S/N 301656M)
Comment:

**DXA Results Summary:**

| Radius | Area (cm²) | BMC (g) | BMD (g/cm²) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| UD | 3.32 | 1.07 | 0.321 | -2.1 | 72 | -0.5 | 91 |
| MID | 4.47 | 2.03 | 0.455 | -2.8 | 75 | -0.6 | 93 |
| **1/3** | **2.76** | **1.37** | **0.497** | **-3.3** | **72** | **-1.1** | **88** |
| Total | 10.55 | 4.47 | 0.424 | -2.9 | 73 | -0.8 | 91 |

Total BMD CV 1.0%
WHO Classification: Osteoporosis
Fracture Risk: High

**1/3 (Radius)**




**Comment:**

T-score vs. White Female. Source:2012 BMDCS/Hologic Z-score vs. White Female. Source:2012 BMDCS/Hologic

HOLOGIC

# Vala Bone Densitometry Center

Unit 10, No. 85, 3rd Floor, 2nd Golestan st., Pasdaran Ave.
Tehran, Iran
elephone: +98-21-26653587 E-Mail: valabmd@gmail.com Fax: +98-21-26653584

| | | |
|---|---|---|
| Name: Bize, Masoume sadat | Sex: Female | Height: 154.0 cm |
| Patient ID: 0045374491 | Ethnicity: Caucasian | Weight: 53.0 kg |
| DOB: [redacted] | Menopause Age: 53 | Age: 71 |

Referring Physician: Dr.Zabihi




Image not for diagnostic use
116 x 129

**Scan Information:**

Scan Date: 10 May 2026 ID: A0510260X
Scan Type: f Lumbar Spine
Analysis: 10 May 2026 18:16 Version 13.6.0.5
Spine
Operator:
Model: Horizon Wi (S/N 301656M)
Comment:

**DXA Results Summary:**

| Region | Area (cm²) | BMC (g) | BMD (g/cm²) | T - score | PR (%) | Z - score | AM (%) |
|---|---|---|---|---|---|---|---|
| L1 | 11.37 | 8.73 | 0.768 | -2.0 | 78 | -0.1 | 99 |
| L2 | 15.05 | 12.69 | 0.843 | -1.7 | 82 | 0.5 | 106 |
| L3 | 15.29 | 11.76 | 0.770 | -2.9 | 71 | -0.6 | 92 |
| L4 | 19.39 | 17.25 | 0.890 | -1.6 | 84 | 0.8 | 110 |
| **Total** | **61.10** | **50.44** | **0.825** | **-2.0** | **79** | **0.2** | **102** |

Total BMD CV 1.0%
WHO Classification: Osteopenia
Fracture Risk: Increased

**Total**




**Comment:**

T-score vs. White Female. Source:2012 BMDCS/Hologic Z-score vs. White Female. Source:2012 BMDCS/Hologic

HOLOGIC